## WADE v. HOPE et al.

No. 9474—Opinion Filed Nov. 26, 1918.

(176 Pac. 402.)

**1. Petition for New Trial—Statutory Time.**

Under section 5037, Rev. Laws 1910, an application for a new trial must be instituted within one year from the date of the final judgment.

**2. New Trial—Application for Retrial—Verification.**

Such application, when made, should be verified.

(Syllabus by Hooker, C.)

Error from District Court, Jefferson County; Cham Janes, Judge.

Petition by C. S. Wade against R. W. Hope and another, in which an order was entered withholding execution upon a judgment until a hearing on the petition. From an order sustaining defendants' motion to vacate the order and dismissing the petition, plaintiff brings error. Affirmed.

See, also, 65 Okla. 69, 162 Pac. 742.

Bond, Melton & Melton, for plaintiff in error.

Bridges & Vertrees and A. W. Reynolds, for defendants in error.

Opinion by HOOKER, C. The petition filed in this case alleges that on the 15th day of October, 1915, a judgment was rendered in the district court of Jefferson county in favor of H. and K. against one T. M. Vaught and C. S. Wade, from which judgment the said C. S. Wade prepared a case-made for appeal to the Supreme Court and served the same upon the attorneys of H. and K. and upon said Vaught; that, after service of the case-made upon Vaught, said Wade filed the same in the Supreme Court, together with a petition in error, which case-made had been duly certified, settled, and signed; that H. and K. entered their appearance in the Supreme Court, but the defendant T. M. Vaught could not be found and no summons in error could be served upon him, although plaintiff in error in said action endeavored to secure service by publication and filed therein an order and affidavit for publication which was duly issued and published. At that time there was no provision of law for securing service by publication upon a defendant in error in the Supreme Court of this state, and that said service by publication upon said Vaught did not give to the Supreme Court jurisdiction thereof.

It is further alleged that the said Vaught

conspired with H. and K. to prevent said Wade from making a case-made immediately after the service of said case-made and before the expiration of the time to file amendments and before notice could be served of said time when said case-made was to be presented to the trial judge for settlement; that the said Vaught left this state and concealed himself so that said service could not be made, although the said Wade made diligent search and every effort to make said service in order that he might perfect his appeal to the Supreme Court, and that such failure, through no fault of his, was wholly by the said Vaught acting together and in collusion with H. and K., the holders of said judgment; that the sole purpose of said Vaught in leaving the state was to prevent said Wade from perfecting his appeal, and that the same was done through collusion with him by H. and K. with the avowed purpose and intention of defeating the Supreme Court of this state of the jurisdiction of said cause upon appeal, and as a result thereof the Supreme Court did dismiss the appeal of Wade without a consideration of the merits of said cause for the sole reason that no service of summons had been made upon Vaught and that he was the next party to said appeal.

It is further alleged in said petition that the judgment rendered in said court in favor of H. and K. against one Vaught and Wade was procured by false testimony, was inequitable and unjust, and that in truth and in fact no liability exists upon their part, but that the debt was solely one of Vaught's, and, if they had an opportunity to try said cause, they could clearly demonstrate that fact; that the said Vaught is insolvent; and that the acts of the said Vaught thus performed at the instance of said H. and K. deprived Wade of his right to appeal to the Supreme Court and defeated that court of jurisdiction of said cause, and denied to him the right of his remedy of appeal through no fault of his own, nor for any lack of diligence on his part, but through collusion and conspiracy and wrongful acts of said defendants as alleged.

It is further alleged that section 5033, Rev. Laws 1910, provides that the verdict and judgment of the district court of this state shall be vacated and a new trial granted on the application of the aggrieved party when without fault of such party it is impossible to perfect an appeal by case-made; that, under and pursuant to this said statute, this plaintiff is entitled to have said judgment vacated, set aside, and a new trial granted, because without fault upon his part and without any lack of diligence upon his part, the said defendants conspired and acted together for the purpose of making it impossible for the plaintiff to have his cause considered by the Supreme Court of the state of Oklahoma, in that said defendants conspired and acted together for the purpose of depriving the Supreme Court of this state of jurisdiction of said cause by the said T. M. Vaught leaving the state of Oklahoma purposely and with the intent to remain outside of the state, so that summons in error could not be served on him, and thereby defeat the jurisdiction of this court and deprive this plaintiff of the right to have said cause considered by this court.

After the filing of this petition, an order was entered by the district judge withholding execution upon said judgment until a hearing on the petition could be had. A motion was filed by the defendants in this action to vacate the order and overrule plaintiff's petition, and the same was presented to the trial court upon the sole ground that the petition did not allege facts sufficient to entitle the plaintiff below to the relief prayed for therein, which motion was by the court sustained and judgment rendered dismissing the plaintiff's petition upon the ground that the facts alleged therein were not sufficient to entitle Wade to the relief prayed for in said petition. From this order the plaintiff in error has appealed.

The statute provides, as to an application for a new trial, as prescribed by section 5033:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered * * * or where the impossibility of making a case-made without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil action, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

The judgment in this case, according to

the petition, was rendered in the lower court on the 15th day of October, 1915. This petition was filed on March 5, 1917.

The opinion rendered by the Supreme Court in the original appeal of Wade v. Hope & Killingsworth was handed down on September 26, 1916, and rehearing denied February 6, 1917. See 65 Okla. 69, 162 Pac. 742.

It therefore clearly appears that this petition for a new trial was not filed within one year, as provided by statute.

This court, in the case of Carey v. Vickers, 53 Okla. 569, 157 Pac. 299, said:

"An order granting a new trial upon a petition therefor, under section 537, Rev. Laws 1910, upon the ground of newly discovered evidence, from which an appeal was perfected, and which was reversed, does not operate to prevent an appeal from an order overruling a motion for new trial upon the ground of alleged errors occurring at and during the progress of the trial, nor to suspend the time during which such proceedings should be commenced."

This court, in the case of Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090, has said that the motion for a new trial in which the defendants set out their claim of reasonable diligence is not verified. It is necessary that the motion itself should be verified.

Irrespective of this, however, it seems it would appear that the petition for a new trial here was not filed within the time contemplated by the statute, and that the trial court did right in vacating the order withholding the execution and dismissing the petition upon the ground that the petition in the instant case did not state facts sufficient to entitle him to relief.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.