Common Pleas Court of Muskingum County.

WALTER VARNER V. WALTER EPPLEY, ADMR.

Decided January 10, 1933.

*Meyer & Crossan,* for plaintiff.
*Graham & Graham,* for defendant.

RIBBLE, J.

This matter is before the court on a demurrer to the petition. The petition filed November 2, 1932, alleges that on August 2, 1930, the defendant began an action against the plaintiff in this court to recover a judgment on account of the wrongful death of Herbert Eppley and charged negligence on the part of the plaintiff in this action. On March 26, 1931, trial was had and the jury returned a verdict for this defendant against this plaintiff for $6500.00 and judgment was rendered thereon on June 6, 1931. Said judgment was affirmed by the Court of Appeals of this county on the 14th day of December, 1931, 36 O. L. R. 296, and on October 6, 1932, said judgment was affirmed by the Supreme Court, 125 O. S., 526.

The petition further alleges that since said trial and term of court in which said judgment was rendered in this court this plaintiff has discovered new, material and important evidence on the main issue between the parties and sets out the substance of said new testimony.

This petition further alleges that said newly discovered evidence has been discovered after most diligent search and inquiry and that with reasonable diligence it could not have

been discovered and produced at the trial or at the term at which said verdict was rendered and that had he been able to discover and produce said evidence the verdict would not have been for the defendant in this action, and prays that a new trial be granted in said action.

This action is therefore brought under and by virtue of the provisions of Section 11580 and 11581, General Code. Said Section 11580, General Code, reads as follows:

"When, with reasonable diligence, the grounds for a new trial could not be discovered before, but are discovered after the term at which the verdict, report, or decision was rendered or made, the application may be by petition, filed not later than the second term after the discovery, nor more than one year after final judgment was rendered, on which a summons must issue, be returnable and served, or publication made, as in other cases."

The demurrer raises the question whether or not this action is brought within the time provided by said section of the code, and that depends upon the construction of the words in said section "final judgment". What is the meaning of "final judgment" as contained in said Section 11580, General Code? If it means the judgment of the trial court in rendering judgment on the verdict then the demurrer should be sustained because this action would then not have been brought in time. If it means the judgment of either the Court of Appeals or the Supreme Court in affirming the lower court then this action is brought in time and demurrer should be overruled.

The plaintiff herein claims that said words "final judgment" mean the judgment of the Supreme Court in affirming the lower courts, while defendant's contention is that said "final judgment" means the judgment of the trial court rendered on the verdict.

It might be of some help to notice other sections of the General Code, to-wit:—Section 12247 reads as follows:

"A judgment rendered or final order made by a Court of Common Pleas or by the Superior Court of Cincinnati or by the Municipal Court of Cleveland, or by a judge of any of such courts, may be reversed, vacated, or modified, by the Court of Appeals having jurisdiction in the county wherein the Common Pleas, Superior or Municipal Court is located, for errors appearing on the record."

Section 12250, General Code, reads as follows:

"A judgment rendered or a final order made by a Court of Appeals or a judge thereof, Court of Common Pleas or a judge thereof, Probate Court, Insolvency Court, or a Superior Court or a judge thereof, may be reversed, vacated or modified by the Supreme Court, on a petition in error, for errors appearing on the record, except cases in which the judgment of the Court of Appeals is final, as provided by the constitution, and such judgment shall not be subject to modification, vacation or reversal."

. . Section 12258, General Code, reads as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

Section 12265, General Code, first paragraph reads:

"No proceeding to reverse, vacate or modify a judgment or final order rendered in the Probate Court, Common Pleas Court or Court of Appeals, except as hereinafter provided, shall stay execution, unless the clerk of the court in which the record of such judgment or final order is made takes a bond executed on the part of the plaintiff in error to the adverse party."

It will be noticed that the judgment of the trial court rendered on the verdict in this case was never reversed nor set aside, but affirmed by both the higher courts. This exact question does not seem to have been decided in Ohio. Many cases have been before the courts of this state, as well as every other state, in which the question appeared: What is a judgment or final judgment or final order? But they are cases in which the question arose in order to determine whether or not appeal and error lay.

Many cases are cited in briefs of attorneys in this case. We will examine a few of them.

*Sweet* v. *Sullivan*, 7th Mass. 342, where it was held that "by final judgment mentioned in the statute within one year from which *scire facias* must be served upon bail is intended the first judgment on which plaintiff may sue out execution, whether such judgment be rendered in Common

Pleas Court or this court. The judgment rendered on review is not intended."

Opinion similar to the above is found in the case of *Sheehan* v. *Connor* (N. H.) 136-A, 355.

*Allen* v. *Allen,* 17 Conn. 67, 72. "Judgment which was rendered continued to be final judgment until reversed, then it ceased to be a judgment. If it had not been reversed it would have continued to be a final judgment because in the words of Blackstone it would have 'put an end to the action.'" This case, construed a statute, providing that execution must be issued within sixty days after final judgment to constitute a lien on personal estate.

*Jordan* v. *Agawam Woolen Company,* 106 Mass. 571. (Cited in brief for plaintiff)

"This is the last decree of the Circuit Court. It includes the whole amount of damages and costs recovered and it is the final decree in the case within the meaning of this bond."

The above is found in the last sentence of the opinion on page 572. This was the judgment of the lower court, not the higher court remanding the case.

In *Burton-Lingo Company* v. *Church,* 222 S. W. 203 (Texas). (Cited in brief for plaintiff) the question was whether judgment for plaintiff on verdict in trial was final from which error could be prosecuted, the cross action not having been disposed of. Court of Civil Appeals held the judgment was not final and the Supreme Court reversed the appeals court holding that cross action had been waived or abandoned and that the judgment on verdict was final.

In *Bank of Charles City* v. *Reser,* 193 Pacific, 532, 58 Montana 501, (cited in brief of plaintiff) in this case the court dismissed plaintiff's action because of failure to procure entry of judgment in six months period prescribed by statute. The question was whether final judgment had ever been made. The judgment made the finding of fact and conclusion of law but no judgment. The clerk on request of attorney for plaintiff, but without authority from the judge, entered up judgment. The court held the action of clerk was a nullity, that no judgment had been had, and reversed the lower court.

In *Miller* v. *Farmers State Bank & Trust Company*, 241 S. W. 540 (Texas), (cited in brief for plaintiff) the main action was on a note in which the defendant by cross petition sought judgment against a third party who he alleged agreed to pay it, where the main case was continued by plaintiff and no severance was directed or had as between defendant and cross defendant. The court entered judgment on issue between defendant and cross defendant but the suit of the plaintiff having been continued the court entered no judgment or order on the main or principle suit on any issue tendered by the defendant bank. The statute provided that only one final judgment shall be rendered in any case except where otherwise provided. The Court of Civil Appeals held that there was want of finality in the judgment and that no appeal lay; that a judgment is final only when the whole matter in controversy is disposed of as to all parties.

In *Montague Company* v. *White*, 250 S. W. 736 (Texas), (cited in brief for plaintiff) this action was for writ of mandamus, was tried in the lower court in vacation and the court in vacation rendered judgment for plaintiff that the writ of mandamus issue. Defendants appealed. Plaintiff moved for dismissal of appeal claiming that the judgment in the lower court was not a final judgment from which appeal would lie.

*Held.* 1. Any judgment is "final" which disposes of the matter in controversy as to all the parties to the suit.

2. That the judgment in that case was final and appeal will lie in a Court of Civil Appeals.

Those of the above cited cases deciding whether there was a final judgment from which appeal or error could be prosecuted, furnishes us very little, if any, aid in deciding the question in the case at bar.

In *Wade* v. *Hope & Killingsworth*, 186 Pacific, 235, 176 Pacific 402, 162 Pacific 742. (Oklahoma), (cited in brief for defendant) this case is the only one that I have been able to find that seems to be practically identical with the case at bar. The Oklahoma statute is almost identical with Section 11580, General Code of Ohio. This Oklahoma section is quoted in Wade-Hope case in 176 Pacific at page 403.

On October 15, 1915, judgment was rendered in the district court of Jefferson county in favor of Hope and Killingwsorth. Wade prosecuted error and appeal was dismissed (162 Pacific 742) because service of summons in error could not be had on one of the defendants in error. March 5, 1917, he filed an application in the trial court for a new trial on newly discovered evidence after term, which was denied, and he again appealed, and the judgment of the lower court was affirmed, (176 Pacific 402) for the reason that his application was not filed within one year after final judgment was rendered in the trial court. He then filed a motion to vacate the order overruling his motion for a new trial, which the trial court refused to grant and sustained a motion by defendants in error to strike Wade's motion from the files. From that judgment appeal was taken and the lower court sustained, (186 Pacific 235) the court again holding that a petition for a new trial must be filed within one year from final judgment in the trial court, and that the above motion to vacate order can serve no purpose but to take the place of an application or petition for new trial and does not extend the time. Rehearing was denied January 6, 1920.

. It is clear from the above authorities and many others that might be cited that in a general sense the words "final judgment" may apply to the judgment in any court when such judgment disposes of the matters in controversy as to all the parties before the court.

In this case the judgment by the Common Pleas Court on the verdict was a final judgment in said court; likewise, the findings and judgment of the Court of Appeals in sustaining the trial court was a final judgment so far as that court was concerned and the judgment of the Supreme Court in sustaining the judgment of the lower courts was final so far as said Supreme Court was concerned. The question here is which of said final judgments is the judgment referred to in Section 11580, General Code. The judgment in the Common Pleas Court, never having been reversed, has always remained a valid final judgment. While execution thereon was stayed by the giving of a supersedeas bond it in no way affected the judgment itself. Said judg-

ment of the Common Pleas Court is the judgment meant in Section 11580, General Code.

There being no decision in this state to guide this court I am led to follow the Oklahoma case above mentioned and on its authority and the reasoning of the other cases above cited which have some bearing on the question I sustain the demurrer to the petition and dismiss the same.