387 F.2d 591
 CAPITAL INVESTORS COMPANY, Marian A. Morrison, and Arthur R. Morrison, Appellees,
v.
Malcolm B. DEVERS, Appellant.
CAPITAL INVESTORS CO., Appellant,
v.
Arthur R. MORRISON, a/k/a A. R. Morrison, and Malcolm B. Devers, and Charles M. Fairchild, and Vincent G. Iorio and Emogene B. Iorio, and Marian A. Morrison, Appellees.
 No. 11200.
 No. 11345.
 United States Court of Appeals Fourth Circuit.
 Argued November 6, 1967.
 Decided December 7, 1967.
 
 Josiah Lyman, Washington, D. C., (John Dalonas, Arlington, Va., and Wallace L. Schubert, Washington, D. C., on brief) for appellant Malcolm B. Devers.
 E. A. Prichard, Fairfax, Va., (W. W. Moore and Bauknight, Prichard, McCandlish & Williams, Fairfax, Va., on brief) for appellant and appellee Capital Investors Co.
 Allen J. Topol, Washington, D. C., (James C. McKay and James vanR. Springer, Washington, D. C., on brief) for appellee Marian A. Morrison.
 Joseph B. Hyman, Alexandria, Va., (M. Patton Echols, Jr., Arlington, Va., on brief) for appellee Arthur R. Morrison.
 Before BOREMAN and CRAVEN, Circuit Judges, and JONES, District Judge.
 PER CURIAM:
 
 
 1
 These are consolidated appeals involving the same parties whose rights and obligations with respect to certain real estate we considered in a prior appeal. For a narrative of the facts and the relation of the parties see Capital Investors Co. v. Devers and companion cases, 360 F.2d 462 (4th Cir. 1966). In our prior decision we held parol evidence competent to prove that Capital Investors Company's notes were interest bearing. On remand the district court heard oral testimony to that effect and found that Capital "promised to pay interest at 6% per annum * * *." The finding is not clearly erroneous. The appeal of Capital is without merit and the decision of the district court in No. 11,345 is
 
 
 2
 Affirmed.
 
 
 3
 Devers appeals from the district judge's denial of his motion for a new trial on the asserted ground of newly discovered evidence. The prior judgment of the district court adverse to Devers was entered on June 29, 1965. It was certified as a final judgment under Rule 54(b). Devers accepted the certification by himself appealing from it. We affirmed in the above-referenced opinion filed May 2, 1966. The motion for a new trial was filed October 21, 1966 — more than 15 months after final judgment. Fed.R.Civ.P. 60(b) requires a motion for new trial on ground of newly discovered evidence to be made within one year.
 
 
 4
 The district court held (a) that the motion for new trial was without merit and (b) if it had merit it would be barred by Rule 60(b). We agree.
 
 
 5
 The decision of the district court in No. 11,200 is
 
 
 6
 Affirmed.