NINA B. VARLEY *v.* ALAN R. VARLEY

COTTER, C. J., BOGDANSKI, PETERS, ARMENTANO and ASPELL, Js.

Argued April 10—decision released May 27, 1980

*Nina B. Varley,* pro se, the appellant (plaintiff).

*Joel M. Ellis,* with whom, on the brief, was *Edward S. Hyman,* for the appellee (defendant).

PER CURIAM. After a trial, judgment was rendered on August 28, 1972, granting a divorce to the defendant. The plaintiff appealed and on March 30, 1976, the judgment was sustained. *Varley* v. *Varley,* 170 Conn. 455, 365 A.2d 1212 (1976). On February 15, 1977, pursuant to General Statutes § 52-270, the plaintiff filed a petition for a new trial. By special defense, the defendant has raised the three year statute of limitation provided by General Statutes § 52-582.[1] Summary judgment was rendered by the trial court on this defense. The plaintiff appealed.

The sole issue on appeal is whether the "rendition of the judgment" referred to by the statute is the judgment at the trial court on August 28, 1972, or the sustaining of that judgment on appeal on March 30, 1976.

The plaintiff cites *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819, appeal dismissed, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979), as authority for the proposition that the three year statutory limitation is not applicable. That case did not involve a petition for a new trial but a collateral attack on a judgment on jurisdictional grounds.

---

[1] General Statutes § 52-582 provides: "PETITION FOR NEW TRIAL. No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of."

The plaintiff also points out that in *Dortch* v. *State,* 142 Conn. 18, 20, 110 A.2d 471 (1954), this court considered an appeal from the denial of a petition for a new trial which was brought more than three years after the judgment of the trial court. It was specifically noted in that case, however, that since the state did not appeal the trial court's decision to overrule its demurrer on that ground, no "further consideration" of the issue by this court was necessary.

In an early case, *Bank of North America* v. *Wheeler,* 28 Conn. 433, 440–42 (1859), it was held that a judgment obtained in a sister state is a bar to further prosecution of a pending action between the same parties on the same issues in this state even though an appeal from the judgment in the sister state had been filed. This court further held that the sister state's judgment was final because under the law of that state, an appeal operated only as a proceeding in error and not as a retrial upon the original process by an appellate court which could supersede the judgment. Id., 440–41.[2] See also *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 144, 176 A.2d 571 (1961).[3]

In *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815 (1953), it was unequivocally held that "[a]n appeal does not vacate a judgment; it serves only to stay the enforcement of the rights acquired

---

[2] See Restatement, Judgments § 41, comment d, which states that "At common law a pending writ of error does not vacate a judgment . . . ."

[3] In *Nowell* v. *Nowell,* 157 Conn. 470, 478, 254 A.2d 889, cert. denied, 396 U.S. 844, 90 S. Ct. 68, 24 L. Ed. 2d 94 (1969), this court held that a judgment on appeal in a sister state would not be given effect in Connecticut because the law of that state, unlike the law of the sister state in *Bank of North America* v. *Wheeler,* 28 Conn. 433 (1859), did not regard it as a final judgment.

by the successful litigant. Practice Book, [1951] § 411 [Practice Book, 1978, § 3065]. In other words, the judgment [of the trial court] was final unless set aside by this court . . . ." Under Connecticut law, therefore, where the trial court's judgment is sustained, the "rendition of the judgment" referred to in § 52-582 is the judgment of the trial court.[4]

The court did not err in ruling that General Statutes § 52-582 barred the action because the petition for a new trial was filed more than three years after the trial court's judgment was rendered and because the earlier appeal therefrom was sustained.

There is no error.

---

[4] Where this issue has arisen in other jurisdictions, its resolution has turned on whether the appellate judgment is one of affirmance or dismissal, or of reversal. Where the trial court's judgment was sustained or the appeal dismissed, it is, in the majority of cases, the trial court's judgment which is considered the final judgment within the provision or rule limiting the application for a new trial to a specific period thereafter. *Capital Investors Co.* v. *Devers,* 387 F.2d 591, 592 (4th Cir. 1967); *Gray* v. *Coan,* 48 Iowa 424, 425 (1878); *Gray* v. *Sawyer,* 252 S.W.2d 10, 11 (Ky. 1952); *Varner* v. *Eppley,* 30 Ohio N.P. (n.s.) 531, 536 (1933); *Wade* v. *Hope,* 73 Okla. 289, 290–91, 176 P. 402 (1918), followed in *Pleasant* v. *Allen Bros.,* 180 Okla. 518, 519, 71 P.2d 114 (1937); contra, *Casias* v. *United States,* 337 F.2d 354, 356 (10th Cir. 1964) (granting the defendant's motion for a new trial "in the interest of justice" under Fed. R. Crim. Proc. 33). Where the trial court's judgment is reversed and a different judgment entered or directed on appeal, the appellate judgment is considered as the final judgment for the purposes of an application for a new trial. *Townley* v. *A.C. Miller Co.,* 139 Ohio St. 153, 167–69, 38 N.E.2d 578 (1941).