PHYLLIS J. THEONNES *v.* KARL E. THEONNES

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

---

Argued March 11—decision released June 3, 1980

*Richard A. Volo,* for the appellant (plaintiff).

*Hanon W. Russell,* with whom, on the brief, was *Edward H. Cantor,* for the appellee (defendant).

PARSKEY, J. In March, 1968, the court (*Meyers, J.*) granted a divorce to the plaintiff, awarded her custody of the two minor children of the marriage and ordered the defendant to pay support of $50 per week for each child and alimony of $1 per year. In October, 1978, on the plaintiff's motion for modification, the court (*D. Dorsey, J.*) increased the support order to $60 per week for each child and continued the nominal alimony order. In January, 1979, the court (*Wall, J.*) denied the plaintiff's motion for modification. In May, 1979, the court (*Hale, J.*) granted the plaintiff's motion for modification and ordered support increased to $75 per

week for each child and alimony to $50 per week. No appeal was taken from this judgment. Instead, the defendant moved to open and reargue the order for alimony and support claiming lack of notice and misrepresentations to the court. Alleging a material change of circumstances, the defendant also moved to modify both the support and the alimony orders. The court (*Wall, J.*) granted all three motions and reinstated the October, 1978 order as of June 4, 1979, thereby reducing support to $60 per week and alimony to $1 a year, and the plaintiff appealed. We reverse.

Although the court purported to open the May, 1979 judgment, in fact it enforced that judgment until the effective date of its own order and thereupon modified it. The stated basis of the court's action was (1) the failure of the plaintiff to file a financial affidavit with Judge Hale and (2) the plaintiff's failure to demonstrate, before either Judge Hale or Judge Wall, that there had been a substantial change in circumstances since the hearings of March, 1968, October, 1978 and January, 1979. The defendant does not question the validity of Judge Hale's order because of lack of notice or any other reason. The limited issue before us then is whether, assuming that Judge Hale's order was erroneous because of the plaintiff's failure to file a current financial affidavit as required by Practice Book, 1978, § 463, that issue could be raised in a motion for modification rather than by appeal.

Judgments ordering periodic alimony or support are subject to modification upon a showing of a substantial change of circumstances of either party. General Statutes § 46b-86. Not only must there be a showing of changed circumstances but it must

also appear that these circumstances were not contemplated by the parties at the time of the entry of the original decree and arose subsequent to the entry of that decree. *Friedly* v. *Friedly,* 174 Conn. 279, 280, 386 A.2d 236 (1978); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976). A judgment once modified is subject to further modification under the same principles except that the changed circumstances must have arisen since the entry of the earlier order. *Cleveland* v. *Cleveland,* 161 Conn. 452, 459-60, 289 A.2d 909 (1971).

A motion for modification is not a substitute for an appeal. In cases of fraud where certain conditions precedent are met, a judgment, fair on its face, may be examined in its underpinnings. *Varley* v. *Varley,* 181 Conn. 58, 434 A.2d 312 (1980); see *Casanova* v. *Casanova,* 166 Conn. 304, 348 A.2d 668 (1974). Because there has been no showing of fraud in the present case and because the May, 1979 judgment was not void, the court was not justified in reviewing the merits of the earlier judgment, however erroneous.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in favor of the plaintiff.

In this opinion the other judges concurred.