[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action is a petition for a new trial. The plaintiff-petitioner acknowledged the paternity of a child on June 16, 1983 which was born to the named defendant. The plaintiff claims discovery of new evidence that he is not the father of the child, and has brought this petition requesting that the judgment entered June 21, 1983 be set aside and a new trial ordered. The defendant, State of Connecticut, has moved to dismiss this petition on the ground that it had to be brought within three years of the judgment of paternity. Public Act 82-6 amended section 46b-172 (b) of the General Statutes by allowing a person to petition for a hearing on the issue of paternity within three years of the judgment or October 1, 1982, whichever is later. The State claims the defendant did not file the petition within three years after the paternity judgment and that his claim is barred by section 52-582 of the General Statutes which provides that "[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after CT Page 2056 the rendition of the judgment or decree complained of."
Section 52-582 amounts to a statute of limitations. In Connecticut where a right, of action exists independent of a statute creating it, the statute of limitations applying to the right must be specially pleaded, and unless it is the statute is deemed to be waived and the remedy continues beyond the proscribed period. Orticelli v. Powers, 197 Conn. 9,15; Moore v. McNamara, 201 Conn. 16, 22. However, where a specific limitation is contained in the statute that creates the right of action and establishes the remedy, the remedy exists only during the proscribed period, the statute of limitations is considered substantive or jurisdictional rather than procedural or personal, and therefore cannot be waived. Id., 22, 23; Orticelli v. Powers, supra, 15; Ecker v. West Hartford, 205 Conn. 219, 231, 232. The right of action in Connecticut in paternity suits is derivatively based on common law although it is controlled by statute. Moore v. McNamara, supra, 24, 25. While the petition for new trial is based upon a statute, section 52-270, it is not an independent action, but is part of the original proceeding. Gannon v. State of Connecticut, 75 Conn. 576, 577. While the present form of the petition for a new trial is controlled by statute, a form of the action existed prior to 1800. See Cook v. Preston, 2 Root 78, 80 (1794). The statute of limitations for a petition for a new trial under section 52-270
is now the three years statute of limitations in section52-582. The situation here differs from cases such as Ecker v. West Hartford, supra, 232, 233, where the limitation period is contained in a statutory cause of action which created rights which did not formerly exist, in which case the failure to meet the time limitation is a jurisdictional defect requiring dismissal of the action. While the State may be correct that the plaintiff waited too long to file the petition for new trial, the issue cannot be decided on a motion to dismiss, but requires a motion for summary judgment. Varley v. Varley, 181 Conn. 58.
The motion to dismiss is denied.
Robert A. Fuller, Judge.