[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action is a petition for a new trial. The plaintiff-petitioner acknowledged the paternity of a child on June 16, 1983 which was born to the named defendant. The plaintiff claims discovery of new evidence that he is not the father of the child, and requests in the petition that the judgment of paternity entered June 21, 1983 be set aside and a new trial ordered. The defendant, Department of Income Maintenance, has filed several special defenses to the petition, including the sixth special defense which alleges that the petition is barred by the statute of limitations. The State has also filed this motion for summary judgment based on that special defense.
A motion for summary judgment can be granted based on the statute of limitations. Burns v. Hartford Hospital, 192 Conn. 451,460, Varley v. Varley, 181 Conn. 58, 61; D'Agostino v. D'Addio, 6 Conn. App. 187, 188. A summary judgment may be granted under 384 of the Connecticut Practice Book, if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To prove that there is no genuine issue as to any material fact the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434; Fogarty v. Rashaw, 193 Conn. 442, 445. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578; Booth v. Flanagan, 23 Conn. App. 579, 584. A genuine issue has been described as either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsmen, Inc. v. Young, 18 Conn. App. 463, 465; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. Once the moving party has presented evidence in support of the motion for summary judgment, the opposing part must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggins, 208 Conn. 608, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings CT Page 5096 can warrantably be inferred. Na-Mor Inc. v. Roballey, 24 Conn. App. 215,217, quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378-79.
Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
The essential facts here are uncontested. The judgment of paternity was entered against the petitioner in this action on June 21, 1983 after he signed an acknowledgment of paternity on June 16, 1983. This action was commenced on July 26, 1990 when the petition was served. Broderick v. Jackman, 167 Conn. 96, 99. In both the petition itself and counter-affidavit to the motion for summary judgment the petitioner claims that he did not voluntarily and with full knowledge of his legal rights sign the acknowledgment of paternity on June 16, 1983 because he was 17 years old, his parents were not present and he was not represented by an attorney. He also claims he was coerced into signing the acknowledgment of paternity by a threat of imprisonment, although that claim does not appear in the petition itself. The documents filed on the motion for summary judgment indicate that the petitioner signed a second advisement of rights form on January 30, 1986 and was in court on proceedings connected with the paternity judgment on January 23, 1984, March 29, 1984 and April 14, 1987.
The petitioner relies upon Stone v. Maher, 527 F. Sup. 10
(D.Conn. 1980) which held that a provision formerly contained in46b-172 C.G.S. which prevented a putative father who signed an acknowledgment of paternity from subsequently litigating the claim in a judicial proceeding was unconstitutional. That case also held that the invalid portions of the prior statute did not automatically affect the paternity status or support obligations of persons who previously acknowledged paternity, but allowed them to contest the issue of paternity in a judicial proceeding by requesting a modification in state court of prior support orders or agreements.
Section 46b-172(b) of the General Statutes was amended by Public Act 82-6 to allow a person who had a judgment of paternity against him as a result of an acknowledgment of paternity to petition for a new hearing on the paternity issue within 3 years of the judgment or October 1, 1982, whichever is later. This version of the statute was in effect when the plaintiff acknowledged paternity and the paternity judgment was entered in CT Page 5097 June 1983.
The petitioner here relies upon State v. Sullivan, 38 Conn. Sup. 537
(1982) and; Johnson v. Bessette, 37 Conn. Sup. 891 (1981) and an unreported Superior Court decision, all of which involved acknowledgements of paternity signed under the prior version of46b-172(b) and prior to the decision in Stone v. Maher, supra. In all 3 cases the plaintiffs were within the category of protected persons under the Stone decision, which allowed them to challenge their prior acknowledgement of paternity even though more than 3 years elapsed since it was made. There is a material difference from this case because it is controlled by the version of the statute which became effective October 1, 1982 which did not have the same constitutional problem as the former version of the statute.
Section 46b-172(b) now provides that "the prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the Superior Court for the judicial district having venue for a hearing on the issue of paternity within 3 years of such judgment." Even if the petitioner's claims or excuses for signing the original acknowledgement of paternity have merit, he could have commenced this action at any time prior to June 21, 1986. The prior version of the statute no longer existed when the acknowledgment of paternity was signed in 1983, and at all times since then the 3 year time limit in 46b-172(b) has remained unchanged. In addition the statute of limitations for fraud is also 3 years commencing with the fraudulent act. Section 52-577 C.G.S.; Rosenblatt v. Berman, 143 Conn. 31, 39.
In Bleidner v. Searles, 19 Conn. App. 76, 83, it was held that the right of a hearing to review an acknowledgment of paternity for 3 years after the judgment is not an absolute right for a new hearing, but applies to putative fathers who never had the opportunity to litigate the paternity issue. The right to make a claim can be waived if the paternity issue is not specifically raised in subsequent court proceedings, and a petition for new trial under 52-270 was denied in that case. Here also the record shows that the present claim could have been raised during court proceedings in 1984 or 1987 but it was not raised until this petition was filed in 1990.
Section 52-582 of the General Statutes requires a petition for a new trial to be brought within 3 years after the rendition of the judgment or decree complained of. In Varley v. Varley, supra, a summary judgment was granted for the defendant because a petition for new trial based on 52-270 was not brought within 3 years of the original judgment. The facts relied upon by the petitioner are not material facts as to the special defense of CT Page 5098 the statute of limitations. The defendant Department of Income Maintenance is entitled to judgment as a matter of law because the petition for a new trial was not commenced within 3 years after the paternity judgment of June 21, 1983, as required by both 46b-172 (b) and 52-582 of the General Statutes.
The motion for summary judgment is granted.
ROBERT A. FULLER, JUDGE.