[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION FOR MODIFICATION
The defendant husband filed this motion to modify alimony alleging a substantial change in his financial circumstances pursuant to § 46b-86(a) of the General Statutes on December 8, 1994, and personally served said motion on the plaintiff wife on December 10, 1995, advising her to appear in this court on January 19, 1995. The parties were represented by counsel and testified at the hearing held March 22 and April 26, 1995.
The background facts are not in dispute. The judgment dissolving this marriage was entered on September 17, 1987, at which time the wife was awarded lifetime alimony of $3,500 a month pursuant to § 46b-82. Other orders (Levine, J.) were also entered relative to distribution of property as the file reflects.
At the time of the original judgment, the husband's financial affidavit dated July 10, 1987 listed his net monthly income at $5,650 based on a gross annual salary of about $112,000 with monthly expenses of $12,268. His principal assets were a one-half interest in the marital home in Southport estimated to be worth $301,500, stock in Microphase Corporation, his employer, valued at $187,000, a horse and fur coats valued at $30,000, and $1,000 in a checking account.
The wife's financial affidavit at that time listed no income from employment since she had been the homemaker and primary caretaker for their two children. Among other orders dividing their property, the marital home was ordered sold as soon as possible and 75 percent of the net proceeds were awarded the wife. When the house sold four years later, the wife received $52,487, about $400,000 less than she anticipated, caused by a depressed real estate market.
During the past seven years and four months, the husband paid the $3,500 per month alimony awarded to the plaintiff. On January 22, 1995, he was involuntarily terminated by Microphase Corporation after 26 1/2 years. It is obvious and clear that the CT Page 5534 loss of his job is a substantial change in the husband's financial circumstances.
His only income at present is $1,451.66 a month from unemployment compensation. The husband's current financial affidavit lists assets of $311,526.78. The two primary assets include $26,600 of stock in Microphase Corp. and $264,076.78 in IRA pension funds totalling $290,000. His monthly living expenses are listed at $9,906.16. It is equally clear that the husband, while unemployed, will be required to live on his assets as will the plaintiff wife, in part, as well as her own.
The wife had no income from employment at the time of judgment. She is presently employed as a receptionist and earns a gross annual salary of $16,900, listing her net weekly income at $220 on her current financial affidavit with monthly expenses of $1,115.69. Her assets include a net equity of $10,000 in a condominium which she purchased after receiving the $52,487 from the sale of the Southport house. Her expenses to maintain and keep this condominium for the mortgage, taxes and condominium charges are estimated at about $1,500 a month. She also lists a savings account of $4,989 and an IRA account of $25,179.34 as her other assets.
The court must consider the current net income and the assets available in evaluating a request for modification. Fahy v. Fahy,227 Conn. 505 (1993); Collette v. Collette, 177 Conn. 465, 469
(1979). In the case of Borkowski v. Borkowski, 228 Conn. 729
(C.L.J., March, 1994), the Supreme Court reaffirmed the procedure a trial court must follow to modify an alimony order under General Statutes § 46b-86(a). If the court finds a substantial change in circumstances of either party since the original alimony order was entered (in this case September 17, 1987), then it must consider the statutory criteria of § 46b-82 of the General Statutes and then decide on what is a fair and equitable alimony award under the present circumstances.Theonnes v. Theonnes, 181 Conn. 111, 113-114 (1980).
The defendant's counsel urged the court to reduce the alimony award from $3,500 a month to $1.00 a year until the husband is re-employed. The court finds the defendant has made significant efforts to find employment but to date has been unsuccessful. (See defendant's exhibit 3) Plaintiff's counsel urged the court to allow the $3,500 alimony award to stand for one year as the defendant could use his available pension and stock assets of CT Page 5535 $290,000. He also believes the husband will receive a salary severance package from Microphase during this time.
The court must consider the financial needs of both parties under the present circumstances. The court is aware that the husband's alimony obligation if modified will require both the wife and the husband to substantially reduce their living expenses and use their present assets to live.
The court has considered all the statutory criteria of General Statutes § 46b-82, the alimony statute, the current financial affidavits, the needs and estates of both parties, their testimony and the arguments of counsel. The court has also considered that the husband has available pension assets and stock worth about $290,000. Pursuant to General Statutes § 46b-86, the court has the discretion to modify, suspend or terminate periodic alimony orders after finding that a substantial change in circumstances has occurred as to either party. The court must decide on a fair and equitable periodic alimony award the husband should pay based on the financial circumstances of the parties at this time.
Based on the foregoing findings, the motion to modify is granted. The husband shall pay the wife periodic alimony of $1,750 on the first day of each month hereafter, retroactive to January 19, 1995, until such time as the husband obtains employment or a pay severance package from Microphase, at which time he shall give written notice to the wife and she shall file a motion for modification. The court shall then review this $1,750 order. The parties shall also exchange federal income tax returns by April 15th of each year.
ROMEO G. PETRONI, JUDGE