[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO TERMINATE OR REDUCE ALIMONY AND AN INSURANCE OBLIGATION DATED DECEMBER 18,1996
In a Memorandum of Decision dated November 12, 1996, Judge Edgar W. Bassick, III, granted the defendant's motion for modification and ordered him to pay the plaintiff $300 per week in alimony commencing November 15, 1996. By coincidence, the same amount of alimony had been granted to the plaintiff at the time of the original dissolution decree on January 14, 1987 (Tierney, J.). In his decision, Judge Bassick stated that another hearing would have to be held when the defendant's part-time employment with Pitney-Bowes was terminated.
By letter dated December 9, 1996, the defendant was notified that his part-time employment was terminated. On December 18, 1996, the defendant filed this motion to terminate or reduce the order alleging that the termination of his part-time employment by Pitney-Bowes constituted a substantial change in circumstances. Connecticut General Statutes § 46b-86. CT Page 5703
A hearing was held on this motion on May 15, 1997. Both parties submitted current financial affidavits and testified at the hearing. The defendant's affidavit submitted at the prior hearing held November 1, 1996 listed his net weekly income at $804.15 with net weekly expenses of $822. In his current affidavit, he lists net weekly income from his Pitney-Bowes pension at $296, net social security and interest and dividend income at $247.00 for a net weekly income from all sources at $543. The termination of his part-time employment reduced his net income by $302 and a total shortfall of net weekly income by $261.
The plaintiff's affidavit of November 1, 1996, listed net weekly income of $316 consisting of $116 from Social Security, alimony of $100 and $100 that she receives from her daughter who lives with her in the co-op they jointly own in Norwalk, Connecticut. Her net weekly expenses were listed at $550. The plaintiff's current net weekly income is $302 which comprises social security of $97.67, alimony of $100 and rent from her daughter of $100 and interest of $6.97 for a total of $302.67. Her expenses of $525 were about the same as those shown on her previous affidavit. Her net weekly income, excluding the $100 for alimony, is now $204.97 and was $206 in her affidavit of November 1, 1996. The defendant has unilaterally reduced his alimony payment from $300 a week, which the court ordered, to $100 a week.
The defendant is now 66 years old, remarried and has retired to a condominium in Naples, Florida. He suffers from arthritis in his shoulder and takes medication for gout. However, he is able to play golf two or three times a week. The court finds him to be in good health in general. The plaintiff is also retired and unemployed and is receiving social security. She is 64 years of age and in general is in poor health. She lives with her daughter and lacks the health, training and education to find meaningful employment.
When considering a motion to terminate or modify a prior order of alimony pursuant to Connecticut General Statutes § 46b-86 (a), the moving party must first prove that a substantial change of circumstances has occurred to either party from when the last alimony order was entered. See Theonnes v. Theonnes,181 Conn. 111-113, 114 (1980). In this case, Judge Bassick entered the last alimony order on November 12, 1996, or approximately six CT Page 5704 months prior to the date of the hearing on this motion. If the court finds a substantial change in the circumstances of either party, it then must consider the statutory factors in §46b-82 of the Connecticut General Statutes, the alimony statute, and decide the amount of alimony, if any, is presently fair and equitable. Borkowski v. Borkowski, 228 Conn. 729, 737, 738
(1994). These factors are relevant in deciding whether an alimony order may be modified or terminated since the prior order was entered. They have primarily to do with the needs and financial resources of the parties. Sanchione v. Sanchione, 173 Conn. 397,401-402 (1977). Other factors which the court is required to consider are the cause of dissolution of the marriage and the present age, health, station, occupation, employability and the amount and sources of income of the parties. Hardisty v.Hardisty, 183 Conn. 258-59.
After hearing the testimony of both parties and reviewing and comparing the current financial affidavits dated May 15, 1997 with the prior affidavits submitted at the November 1, 1996 hearing, as well as the criteria in § 46b-82 of the Connecticut General Statutes, the court makes the following findings and orders.
From a comparison of the defendant's affidavits and the testimony of the parties at the hearing on May 15, 1997, the court finds that the defendant's termination from his part-time employment at Pitney-Bowes has resulted in a loss of net income of $302.32 per week and constitutes a substantial change in his financial circumstances pursuant to § 46b-86 (a) of the Connecticut General Statutes.
After such a finding, the court must consider whether or not the present alimony order of $300 should be reduced or terminated. Our courts have consistently held that the purpose of alimony is to meet "one's continuing duty to support." Blake v.Blake, 211 Conn. 485, 498 (1989). Section 46b-86 "reflects the legislative judgment that continuing alimony payments should be based on current conditions." Rubin v. Rubin, 204 Conn. 224, 228
(1987).
Having considered all of the criteria in § 46b-82 of the Connecticut General Statutes and the evidence presented, the court grants the defendant's motion for modification and orders him to pay the plaintiff $175 a week for alimony. The court finds this reduction from the present order of $300 per week to $175 CT Page 5705 per week is fair and equitable. Said order shall not be retroactive to the date the motion was filed but shall be effective as of the date of this memorandum.
The life insurance order to benefit the plaintiff shall remain the same.
PETRONI, J.