[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: DEFENDANT'S AMENDED MOTION FOR MODIFICATION OF ALIMONY (#161)
The marriage of the parties was dissolved on December 29, 1993. On March 15, 1994, the court (Leheny, J.), issued a memorandum of decision in which financial orders were entered.
Paragraph A of the memorandum dealt with the issue of alimony. It required the defendant to pay to the plaintiff periodic alimony during the lifetime of the plaintiff until the defendant's death. The order further provided that cohabitation pursuant to the statute, the plaintiff's remarriage and the defendant's retirement shall not be grounds for terminating the alimony but may be grounds for its modification based on a substantial change of circumstances.
On October 25, 1997, the plaintiff remarried. On December 30, 1997, the defendant served on the plaintiff with an Application for Order to Show Cause a Motion for Modification of the periodic alimony award. The original hearing date provided in the order was February 9, 1998. By agreement of counsel, all orders would be retroactive to February 9, 1998.
The parties appeared before this court on May 5, 1998. At that time, the plaintiff objected to proceeding because of the defendant's failure to comply with Section 25-26 (e) of the Connecticut Practice Book, in that the motion did not state the specific factual and legal basis for the claimed modification.
The court recessed the hearing until May 19, 1998 to afford the defendant the opportunity to file an amended motion. The defendant complied and filed the amended motion on May 7, 1998.
On May 19, 1998, the court conducted a hearing on the defendant's motion. The court has considered the testimony CT Page 6547 presented, the arguments of counsel, and has taken judicial notice of the file of this case.
General Statutes, Section 16b-86 (a) provides: that a final order for alimony may be modified by the trial court "upon a showing of substantial changes in the circumstances of either party." SeeTheonnes v. Theonnes, 181 Conn. 111 (1980). Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. Bunche v. Bunche,180 Conn. 285 (1980).
The court finds that the defendant has sustained his burden of proof that there has been a substantial change in the circumstances of the plaintiff as a result of her remarriage.
Upon remarriage, the plaintiff sold her cooperative apartment and moved into her husband's apartment. This resulted in her household expenses being reduced substantially from $3,900 per month to $1,300 per month. In addition, pursuant to an antenuptial agreement executed between the plaintiff and her husband they share various expenses. The plaintiff's current husband contributes in excess of $3,500 per month for household expenses, transportation expenses, food and travel.
Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determined an initial award of alimony are relevant to the question of modification. Hardisty v.Hardisty, 183 Conn. 253, (1981). The court has considered the criteria set forth in General Statutes, Section 46b-82 in reaching its decision.
An examination of the evidence reveals the following changes in the financial situation of the plaintiff since the date of dissolution:
(1) Gross monthly income from employment has increased from $2,458 per month of $4,167 per month;
(2) Dividends and interest has increased from $1,019 per month to $1,710 per month. It is noted that the plaintiff has elected to receive a 2% return on her current assets;
(3) Total assets have increased from approximately $1,100,000 to $2,000,000. CT Page 6548
The court finds the following changes in the financial situation of the defendant since the date of dissolution:
(1) Gross monthly income has increased from $26,200 to $39,500;
(2) Total assets have increased from approximately $360,000 to $806,000.
It is clear that presently the defendant has the ability to continue paying the existing order. It is also clear that the plaintiff has no unmet needs, substantially more assets than the defendant and the ability to increase her income through a different investment policy. The current conditions do not require further alimony payments.
The court in applying the criteria of General Statutes, Section 46b-82 to the facts and circumstances of this case, and in the exercise of its equitable powers grants the defendant's motion to modify the order of alimony.
The defendant's obligation to pay periodic alimony to the plaintiff shall be reduced to $1 per year under the same terms and conditions as set forth in the original judgment. In accordance with the stipulation of the parties, this order is retroactive to February 9, 1998. The plaintiff shall reimburse the defendant all payments made subsequent to February 9, 1998 within 30 days of this order.
So Ordered.
NOVACK, J.