[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Myrna LaBow, petitions the court for a new trial based on newly discovered evidence pursuant to General Statutes §52-270.[1] The original action was brought by the defendants, Robert Rubin and Ronald LaBow. On February 14, 1994, by memorandum of decision, the court, Fuller, J., granted Rubin's motion for summary judgment to the complaint and the plaintiffs defenses and counterclaims. CT Page 8774
"A petition for a new trial is a statutory remedy that is essentially equitable in nature. . . . General Statutes § 52-270 sets forth the limited circumstances in which a new trial will be granted." (Citation omitted.) Bleidner v. Searles, 19 Conn. App. 76, 78, 561 A.2d 954
(1989). "A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident. . . . Absent such special circumstances, [a] petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal." (Citations omitted; internal quotation marks omitted.) Wetzel v. Thorne, 202 Conn. 561, 565,522 A.2d 288 (1987).
"[T]he primary test for determining whether a new trial should be granted because of newly discovered evidence is whether an injustice was done and whether it is probable that on a new trial a different result would be reached." (Internal quotation marks omitted.) Summerville v.Warden, 229 Conn. 397, 425-26, 641 A.2d 1356 (1994). "This strict standard is meant to effectuate the underlying equitable principle that once a judgment is rendered it is to be considered final, and should not be disturbed by posttrial motions except for a compelling reason." (Internal quotation marks omitted.) Asherman v. State, 202 Conn. 429,434, 521 A.2d 578 (1987). Moreover, "[a] petition for a new trial is addressed to the discretion of the trial court and will never be granted except upon substantial grounds." (Citations omitted; internal quotation marks omitted.) Kubeck v. Foremost Foods Co., 190 Conn. 667, 669,461 A.2d 1380 (1983).
A critical limitation on the exercise of the trial court's discretion in passing upon [a petition for a new trial] . . . is the statute of limitations." Summerville v. Warden, supra, 229 Conn. 426. "No petition for a new trial shall be brought but within three years next after the rendition of the judgment or decree complained of." General Statutes § 52-582.[2]
"`[A]n appeal does not vacate a judgment; it serves only to stay the enforcement of the rights acquired by the successful litigant. . . . In other words, the judgment [of the trial court] [is] final unless set aside by [the Supreme Court]. . . ." Under Connecticut Law, therefore, where the trial court's judgment is sustained, the `rendition of the judgment' referred to in § 52-582 is the judgment of the trial court." (Citation omitted.) Varley v. Varley, 181 Conn. 58, 60-61,434 A.2d 312.
As a preliminary matter, "the question of subject matter jurisdiction, CT Page 8775 because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." Daley v.Hartford, 215 Conn. 14, 27-28, 574 A.2d 194 (1990). Thus, the court, sua sponte, has raised the issue of whether it has subject matter jurisdiction.
In the present case, summary judgment was rendered by the court,Fuller, J., on February 4, 1994. Thus, the plaintiff had until February 4, 1997 to file a timely petition for a new trial based on newly discovered evidence. See Summerville v. Warden, supra, 229 Conn. 426. Because the plaintiff failed to comply with the limitations period set forth in § 52-582, the court lacks subject matter jurisdiction. SeeWilson v. Kelley, supra, 224 Conn. 123. Accordingly, the petition for a new trial is dismissed.
However, the motion for sanctions is denied.
JOHN W. MORAN, JUDGE