[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(ON DEFENDANT'S MOTION FOR MODIFICATION DATED APRIL 12, 2000 (NO. 136). PLAINTIFF'S MOTIONS FOR COUNSEL FEES (POST JUDGMENT) DATED SEPTEMBER 13, 2000 AND CONTEMPT DATED SEPTEMBER 13, 2000)
In the defendant's (former husband) motion to modify dated April 12, 2000, he urges this court to reduce his alimony award of $575 ordered by Axelrod, J. on October 6, 1997 to $375 per week, the original amount ordered when the marriage was dissolved on July 2, 1992 (Mihalakos, J.).
On October 6, 1997, Judge Axelrod found the defendant's net income had increased from $1390.51 to $2301.60 and substantially changed his financial circumstances to warrant an increase in alimony from $375 to CT Page 13611 $545 per week. The defendant earned a gross annual salary in 1997 of $143,000. In his financial affidavit of October 31, 2000. his gross annual salary decreased to $110,000 per year, and his net weekly income decreased to $1570.72 from $2301.60, a decrease of $730.88 per week. The court believes his testimony that he will earn no commissions for at least this next year and may even be unemployed, because his employer, Sharemax.Com, may be out of business before then. The $750 per month car allowance he receives does not give him any more income since his expenses are $1301.73 per month.
The plaintiff's (former wife) current net weekly salary is $373.56, decreased from $430 in October, 1997, or a decrease of about $57 per week. In her current financial affidavit, she lists her total cash assets to be $502,209, with $482,000 in cash liquid assets. The defendant's are $438,000, with cash liquid assets of $208,000. The court finds the plaintiff's liquid cash assets have substantially increased since October 6, 1997.
The court finds that the defendant's current net weekly income decreased $730.88 per week and constitutes a substantial change in his financial circumstances to warrant a decrease in his alimony order. Her net weekly income has decreased about $57 per week, but her liquid assets have substantially increased.
In general, the same sort of criteria are relevant in deciding whether the current alimony order may be modified as were relevant in making the alimony award of $575 on October 6, 1997. They are chiefly to do with the current needs and financial resources of the parties. These criteria are outlined in § 46b-82 of the Connecticut General Statutes. Borkowskiv. Borkowski, 228 Conn. 729, 736 (1994). That continuance of an alimony order is to be based on current financial circumstances. Theonnes v.Theonnes, 181 Conn. 111, 113-114 (1980).
The court has considered all of the statutory criteria in § 46b-82
of the Connecticut General Statutes, the case law, and the totality of current circumstances regarding the issue of modification of alimony. The court finds the decrease in the defendant's current net weekly income to $730.88 per week constitutes a substantial change in his financial circumstances to warrant a reduction in the alimony order from $575 to $400 per week.
The plaintiff has not proven by a preponderance of the evidence that the defendant was in wilful contempt of the court ordered alimony. He received his first check from Sharemax.Com about July 15, 2000, and made a $375 alimony payment the following month, and continued to make a $375 weekly payment to date. He had been unemployed with no income from CT Page 13612 January to June 26, 2000, or for about the past six months. The court finds that he was not in wilful contempt and by making his alimony payment of $375 per week indicates his good faith.
The parties stipulated the defendant owes an alimony arrearage of $13,187 and orders him to pay this amount to the plaintiff within thirty days.
As to the payment of the plaintiff's legal fees, the court has considered all the total financial resources of the parties and the statutory criteria in § 46b-62 of the Connecticut General Statutes. The plaintiff's attorney submitted time sheets in evidence, without objection, requesting fees of $1590. The court orders the defendant to pay the plaintiff an attorney's fee of $500 plus costs within the next thirty days, because the plaintiff had to incur legal fees to bring a post judgment motion to collect the $13,187 that was due to her.
Petroni, J.T.R.