[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 31, 2001, the defendant filed a Motion for Termination or Reduction of Child Support. This motion states that on November 26, 1996 the defendant was ordered to pay child support in the amount of $200 per week [for three minor children]; that the parties now have shared parenting time which approximates a 50/50 split in time allocation, and that this represents a substantially greater amount of parenting time for the defendant father, meeting the criteria for deviation of the child support guidelines.
The language in this motion is identical to the language contained in a motion previously filed on June 13, 2001 by the defendant. The June 13th motion resulted in an evidentiary hearing held on June 19, 2001, at which the Court found the issues in favor of the plaintiff and increased the child support to $249 per week in accordance with child support guidelines (the plaintiff had filed a cross-motion seeking an increase in child support and both motions were heard at the same time).
The plaintiff has raised an objection to the present motion being heard on the grounds of res judicata. She claims the defendant is re-raising the same issues which were decided on June 19th
The Court agrees with the plaintiff and sustains her objection. The defendant is not permitted to relitigate the same issues previously decided on June 19th
At that earlier hearing, the Court found there was no substantial change in circumstances to justify a reduction in child support. The defendant himself testified the visitation schedule is now essentially the same as it was in 1992 when the marriage was dissolved. He testified the children initially had one overnight midweek, another night midweek for dinner and every other weekend. He testified that in 1996 it evolved into two overnight midweek visits and every other weekend. CT Page 64
There was conflicting testimony as to the consistency of the midweek visits. The Court found that the defendant had not established the children consistently spent two midweek nights with him, but even if that were the case it was not a significant change from the schedule which had been in place since 1992.
With respect to custody and visitation, the separation agreement of the parties, which was incorporated by reference into the decree of dissolution, provided for joint custody with their principal place of residence with the wife "with reasonable rights of visitation to the husband, including but not limited to: every other weekend, shared holidays and vacation time on a flexible liberal schedule". (emphasisadded).
The defendant now seeks a re-hearing on the motion decided on June 19, 2001. He proposes to put on new evidence through the minor children, which he claims will establish the consistency of the midweek visits.
These factual issues were already decided. The defendant cannot, because he had an unfavorable result, have another hearing in order to put on additional evidence. His remedy would have been to appeal that decision, not to re-file his Motion to Modify. Theonnes v. Theonnes,181 Conn. 111, 114 (1980).
The Court concludes the principle of res judicata is applicable to the facts of this case and bars the defendant from re-litigating the issues previously decided. Sunbury v. Sunbury, 216 Conn. 673, 677 (1990).
It is worthy of comment that the defendant, in addition to his motion dated July 31, 2001, filed yet another identical motion dated September 21, 2001 entitled "Motion for Termination or Reduction of Child Support (No. 179).
Because this latest motion raises no new claims or issues this ruling is also dispositive of said motion dated September 21, 2001 (No. 179).
The plaintiff has filed a Motion for Attorney's fees, and a post-judgment Motion for Contempt. The Motion for Contempt was marked off while the parties attempt to resolve the amount, if any, of arrearages for unreimbursed medical expenses, child support and proof of life insurance. (Motion #178).
With respect to the Motion for Attorney's fees, the plaintiff argues that she has incurred legal fees of $3912.19 in connection with the defense of this latest Motion to Modify. CT Page 65
Under the circumstances of this case the Court agrees that an award of counsel fees is appropriate.
Here, the defendant filed a motion with so little merit that it is barred by resjudicata, which the plaintiff was required to defend.Passamano v. Passamano, 28 Conn. App. 854 (1992).
In determining the issue of attorney's fees, the Court must consider the criteria of Connecticut General Statutes § 46b-82, and also determine whether the failure to do so would undermine its financial orders.
In this case, both parties are employed, the husband by the University of Connecticut, earning $807 gross and approximately $600 net weekly; the wife is a social worker for the state and grosses $1085 with a net of approximately $835. The wife has $21000 in debt while the husband's debt is $5300. His assets are close to $150000 and hers total approximately $85000.
Under usual circumstances, the Court would probably not award counsel fees, but in this case, not to do so would undermine the financial orders of the Court in that child support income would be offset by increased legal fees which she should not have been required to incur.
The defendant is ordered to contribute $600 towards the plaintiffs counsel fees within ninety days.
Klaczak, J.