## ALEX TORRES *v.* CITY OF WATERBURY ET AL.
## (11025)

LANDAU, SCHALLER and CRETELLA, Js.

Argued December 11, 1992—decision released March 16, 1993

*Cheryl E. Hricko,* for the appellants (defendant Alex Gallo et al.).

*Ian A. Cole,* for the appellee (plaintiff).

SCHALLER, J. The defendant police officers appeal from the trial court's judgment, rendered after a jury trial, in favor of the plaintiff, as a result of the officers' violation of 42 U.S.C. § 1983. The officers claim that the trial court improperly (1) denied their motion for a directed verdict and their motion to set aside the judgment, (2) instructed the jury to continue its deliberations without the benefit of rehearing the entire testimony of two witnesses, (3) failed to set aside the verdict on the basis of an inappropriate statement made by the plaintiff's counsel during closing argument and (4) admitted rebuttal testimony. In addition to the officers' appeal, the plaintiff has applied to this court for an award pursuant to 42 U.S.C. § 1988 (b) of attorney's fees for fees incurred in connection with this appeal. The judgment is affirmed and the plaintiff's application for reasonable attorney's fees is remanded to the trial court for determination.

The jury reasonably could have found the following facts. On February 24, 1989, Officers Alex Gallo and Hector Medina of the Waterbury police department arrested the plaintiff at the Nite Life Cafe. In the course of the arrest, Gallo and Medina punched and beat the plaintiff, forcing him to the ground. With his knee behind the plaintiff's head, one of the officers jammed the plaintiff's face into the floor. As a result, one of the plaintiff's teeth was knocked out and two others were chipped.

At the conclusion of the plaintiff's case, the defendants moved for a directed verdict which the court granted as to the city and denied as to the officers. Ultimately, the jury returned a verdict for the plaintiff for $15,000 in compensatory damages, $3000 in punitive damages against Gallo, and $1000 in punitive damages against Medina. Pursuant to 42 U.S.C. § 1988, the trial court awarded the plaintiff attorney's fees. The officers subsequently filed a motion to set aside the verdict. The trial court summarily denied the motion, and this appeal ensued.

I

The officers claim that the trial court improperly denied a motion for a directed verdict and a motion to set aside the verdict.[1] In essence, they argue that the plaintiff failed to establish a prima facie case of liability under § 1983. They assert, in particular, that the plaintiff (1) failed to establish a causal link between the actions of the police and the injury that the plaintiff sustained and (2) failed to establish the requisite mental state on which to base an award of punitive damages. We are not persuaded.

Our review of a trial court's refusal to direct or set aside a verdict is limited and well settled. When reviewing the action of the trial court, we consider the evidence in the light most favorable to sustaining the judgment. *Munson* v. *United Technologies Corporation,* 28 Conn. App. 184, 191, 609 A.2d 1066 (1992). "A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in [a verdict for the offi-

---

[1] We note at the outset that when a party to an appeal makes only a bare assertion of a particular claim and offers no analysis, this court and our Supreme Court may consider the claim abandoned. *State* v. *Hernandez,* 204 Conn. 377, 394 n.9, 528 A.2d 794 (1987); *State* v. *Jones,* 29 Conn. App. 304, 615 A.2d 149 (1992). In this case, the defendants' analysis, though limited, is not so minimal as to preclude appellate scrutiny.

cers] . . . or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party. . . . When a jury has returned a verdict and the trial court has refused to set it aside, [t]he court's decision will be upheld on appeal if, from the evidence presented, the jury could reasonably have concluded as it did." (Citations omitted; internal quotation marks omitted.) *Hall* v. *Winfrey,* 27 Conn. App. 154, 157–58, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327 (1992); *Boehm* v. *Kish,* 201 Conn. 385, 388–89, 517 A.2d 624 (1986).

In this case, the facts fully support the court's ruling. The plaintiff testified that, in the course of an argument with a former girl friend inside the Nite Life Cafe, someone pushed him. Immediately thereafter, Gallo and Medina initiated his arrest by removing the plaintiff from the main area of the bar. According to the plaintiff, the officers then beat him and forced his face into the floor, causing his mouth to bleed profusely and causing extensive damage to his teeth. Eyewitnesses substantially corroborated the plaintiff's testimony.

The testimony elicited during the plaintiff's case-in-chief sufficiently established a causal connection between the officers' conduct and the plaintiff's injury. Relying on this testimony, the jury was well within reason in determining that the officers, as opposed to someone else prior to the arrest, injured the plaintiff. The officers, therefore, have not provided a basis on which we can conclude that the jury's verdict was unreasonable.

In addition, the jury reasonably awarded punitive damages. An award of punitive damages pursuant to § 1983 must be predicated on facts establishing evil motive, intent, recklessness or callous indifference. *Smith* v. *Wade,* 461 U.S. 30, 51, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). Generally, circumstantial evidence

is used to prove the requisite state of mind in a given case. *State* v. *Stanley,* 223 Conn. 674, 678, 613 A.2d 788 (1992). In this case, the jury could reasonably infer from the force used by the officers that they were at least callously indifferent toward the physical well-being of the plaintiff. Furthermore, when instructing the jury, the trial court emphasized the prerequisite to punitive damages, i.e., the test set forth in *Smith* v. *Wade,* supra. Thus, the trial court properly denied the defendants' motion for a directed verdict and the motion to set aside the verdict.

## II

The officers next claim that the trial court improperly instructed the jury to resume deliberations without rehearing the testimony of witnesses. Because the officers failed to raise this claim during the course of deliberations, the trial court had no opportunity to rule on this matter until they moved to set aside the verdict. The officers have, in effect, waived this claim, and we, accordingly, will not consider it. See *Jutkowitz* v. *Department of Health Services,* 220 Conn. 86, 95–96, 596 A.2d 374 (1991) ("failure to utilize remedy available to cure defect can constitute a waiver of the right to object to the alleged defect").

## III

The officers next claim that the trial court improperly declined to set aside the verdict because of inappropriate statements made by plaintiff's counsel in the course of closing argument. Before closing argument, the plaintiff requested the judge to instruct the jury that it may draw negative inferences from the officers' failure to call Rick Surritti as a witness. See, e.g., *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960). The trial court denied the plaintiff's request. During closing argument, counsel for the plaintiff said to the jury, "On cross-examination I asked [Officer

Gallo] who was this friend of yours that was there, and he said that Rick Surritti aided in the arrest. Who is Rick Surritti? Who is he?'' The officers now assert that these references to Surritti were improper. We decline to review this claim as well because counsel for the officers neither objected to the statements at issue nor sought a curative instruction subsequent to the closing argument. *State* v. *Negron,* 221 Conn. 315, 330, 603 A.2d 1138 (1992); *State* v. *Falcone,* 191 Conn. 12, 23 n.13, 463 A.2d 558 (1983).

IV

The officers' final contention is that the trial court improperly admitted rebuttal testimony. After the officers rested their case, the plaintiff called two additional witnesses. Over defense counsel's objection, the court permitted the introduction of testimony from Ariel Rojas. The officers did not, however, take an exception to the court's ruling.

Practice Book § 288 states that "[a]n exception to [an evidentiary] ruling *must* be taken in order to make it a ground of appeal." (Emphasis added.) "The purpose of the rule requiring that an exception be taken that distinctly states the objection and the grounds therefor is to alert the court to any claims of error while there is still an opportunity for correction." *State* v. *Utz,* 201 Conn. 190, 207, 513 A.2d 1191 (1986). This rule is essential to avoid trial by ambush. *State* v. *King,* 216 Conn. 585, 590, 583 A.2d 896 (1990). Here, the officers have not complied with Practice Book § 288 and thus have not preserved this claim as a ground for appeal.

V

Because our result in this case is to affirm a favorable verdict for the plaintiff, we next consider the plaintiff's claim for attorney's fees for services rendered on

this appeal.[2] Section 1988 (b) of title 42 of the United States Code provides that "[i]n any action or proceeding to enforce a provision of section . . . 1983 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." Federal courts have regularly applied this section to cover a prevailing party on appeal. See, e.g., *Hutto* v. *Finney,* 437 U.S. 678, 693, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978); *Hastings* v. *Maine-Endwell Central School District,* 676 F.2d 893, 896–97 (2d Cir. 1982). The United States Supreme Court has held that a *plaintiff* is a prevailing party pursuant to § 1988 if the plaintiff "succeed[s] on any significant issue in the litigation which achieves some benefit the part[y] sought in bringing suit." *Hensley* v. *Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).[3]

While we agree with the plaintiff that attorney's fees are recoverable when on appeal a plaintiff successfully

---

[2] The plaintiff asserted the claim for attorney's fees in the conclusion of his brief. The officers failed to respond to this claim in a reply brief. Neither 42 U.S.C. § 1988 (b), our Connecticut decisional law or our rules of appellate practice specify the proper method of raising a claim for attorney's fees on appeal. While the claim could have been made, subject to the outcome of the appeal, directly to the trial court in a postjudgment motion, we believe that the matter is properly before us. See *Fiacco* v. *City of Rensselaer,* 663 F. Sup. 743, 744 n.1 (N.D.N.Y. 1987). As an additional matter, we note that a party's failure to analyze a particular issue may preclude appellate scrutiny. The plaintiff has offered statutory and case law support, although limited, for his claim for attorney's fees. We, therefore, will address it. See footnote 1, supra.

[3] We note that when a *defendant* requests attorney's fees as a prevailing party under 42 U.S.C. § 1988, the analysis is significantly different and more involved. In such cases, the inquiry is not whether the defendant succeeded on a significant issue of the litigation, but whether the plaintiff's claim was frivolous. See, e.g., *Faith Center* v. *Hartford,* 192 Conn. 434, 438, 472 A.2d 16, cert. denied, 469 U.S. 108, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984) ("[a] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so"); *Hastings* v. *Maine-Endwell Central School District,* 676 F.2d 893 (2d Cir. 1982) (same).

defends a favorable trial court judgment, the decision to award reasonable attorney's fees is a discretionary matter more appropriately determined by the trial court. Because the plaintiff has prevailed in this appeal, we remand for determination by the trial court the plaintiff's application for reasonable attorney's fees in connection with this appeal. See *Cowan* v. *Prudential Ins. Co. of America,* 935 F.2d 522, 524 (2d Cir. 1992) (detailed discussion of factors involved in calculating reasonable appellate attorney's fees).

The judgment is affirmed and the plaintiff's application for reasonable attorney's fees is remanded to the trial court for determination of whether such fees should be allowed and, if so, in what amount.

In this opinion the other judges concurred.