[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is before the court following remand from the Connecticut Supreme Court. (Woronecki v. Trappe, 228 Conn. 574
CT Page 5525 (1994).
The remand directs this court to determine whether the defendant, in her counterclaim, is entitled to relief under § 49-51, and to consider the award of damages and attorney's fees pursuant to the provisions of § 49-51, and/or pursuant to CUTPA (§ 42-110a et seq.), following the ruling of the Supreme Court that the plaintiffs violation of the Home Improvement Act (HIA) was a per se violation of CUTPA.
Under the facts of this case as previously found, the mechanic's lien filed by the plaintiff was illegal and invalid and when the defendant demanded he discharge the lien, the plaintiff failed to do so as provided by § 49-51. Accordingly, judgment shall enter for the defendant in count five of her counterclaim.
This matter is not in the same posture that it was prior to the decision of the Supreme Court. The defendant is entitled to have this court determine the matter of counsel fees to be awarded under either CUTPA or § 49-51 provisions, according to the court's discretion.
CUTPA is a consumer protection statute. The provisions for awarding counsel fees appears intended to insure that successful consumer litigants have appropriate relief available so that, as counsel for the defendant argues, the consumer after a successful litigation, does not end up with a financial loss, or worse off financially than if she had lost the suit.
Likewise, there is no logical reason to deny the consumer attorney's fees for a successful appeal, while it seems appropriate to do so. See Torres v. Waterbury, 30 Conn. App. 620, 626-627
(1993).
The plaintiff's claim that the costs of appeal were unnecessarily incurred because the defendant failed to move for reconsideration is speculative. The defendant was entitled to appeal. The court concludes that the defendant should be awarded attorney's fees.
Defendant's counsel has submitted time sheets and billings in excess of $26000. (Defendant's exhibit 1), and a client listing showing that the defendant has paid him $3302.25 (defendant's exhibit 2). The time sheets do not include court time spent in the evidentiary hearing on this issue. CT Page 5526
Unfortunately, this case began as an attempt to recover $2129.50. This court found that plaintiff did the work contracted for in a workmanlike manner. His failure to comply with HIA and his refusal to discharge the unlawful lien exacerbated the costs significantly. Despite that this court, with some understanding of the cost of litigation and given the relative simplicity of the trial and the nature of the issues, believes it would be patently unfair to award counsel fees in the amount requested by counsel under all the circumstances of this case.
Considering the foregoing factors, the court in its discretion, determines that an award of attorney's fees in the amount of $6750 is fair and reasonable and therefore awards that sum to the defendant.
In addition, the court approves the defendant's bill of costs with the exception of $200 listed as "further allowance for difficult case, where defense interposed." As indicated herein, the court is of the opinion that this was not an especially complex matter and it was not a lengthy trial.
Judgment shall enter for the defendant in count five of the counterclaim.
Counsel fees of $6750 are awarded, plus costs of $619.08.
Klaczak, J.