[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 27, 1995
The defendant moves the court to permit introduction of the favorable results of the defendant's polygraph examination. The defendant argues that although the Connecticut courts have consistently held that polygraph examinations are inadmissible, recent changes in the law with respect to the admissibility of expert testimony provide for the introduction of the polygraph evidence.
"The questionable accuracy of polygraph examinations is the most persuasive reason for excluding polygraph evidence." State v. Miller, 202 Conn. 463,486, 522 A.2d 249 (1987). "Due to the questionable accuracy of the results of polygraph examinations, this court has consistently held that they are not admissible either for substantive or impeachment purposes."State v. Duntz, 223 Conn. 207, 613 A.2d 224
(1992); see also, State v. Plourde, 208 Conn. 455, 471,545 A.2d 1071 (1988), cert. denied, 488 U.S. 1034,109 S.Ct. 847, 102 L.Ed.2d 979 (1989); State v. Miller,supra, 484.
 Credibility as an issue is committed to the sole determination of the trier of fact . . . and the admission of the results of polygraph examinations, rather than serving as an aid to that determination, would tend to cloud the issue with an aura of scientific conclusiveness of the examiner's opinion that could foreclose a true consideration of the issue. We are not convinced that the polygraph has progressed to a level of sophistication that would warrant the conclusiveness that would, in all probability, be appended to its results.
State v. Mitchell, 169 Conn. 161, 170, 362 A.2d 808
(1975).
Other jurisdictions have consistently held that polygraph evidence is not reliable and, therefore, not admissible at trial. See, e.g., People v. Fudge, 875 P.2d 36
CT Page 469-S (Cal. 1994); Davis v. State, 250 So.2d 572 (Fla. 1988); State v. Fodge, 824 P.2d 123 (Idaho 1992); Winev. State, 637 N.E.2d 1369 (Ind.App. 4 Dist. 1994);People v. Gard, 632 N.E.2d 1026 (Ill. 1994); State v.Womack, 592 So.2d 872 (La.App. 2 Cir 1991); Patrickv. State, 617 A.2d 215 (Md. 1992); Commonwealth v.Tanso, 583 N.E.2d 1247 (Mass. 1992); State v. Opsahl,513 N.W.2d 249 (Minn. 1994); State v. Woods,639 S.W.2d 818 (Mo. 1982); State v. Rowe, 589 N.E.2d 394
(Oh. App. 10 Dist. 1990); Paxton v. State, 867 P.2d 1309
(Okla.Cr. 1993); Commonwealth v. Camm,277 A.2d 325 (1971); State v. Juarez, 570 A.2d 1118 (R.I. 1988); Moon v. State, 856 S.W.2d 276 (Tex.App. 1993);State v. Wilson, 439 S.E.2d 448 (W.Va. 1993); but seeState v. Sanders, 872 P.2d 870 (N.M. 1994) (polygraph results admissible in certain circumstances).
The defendant argues, however, that recent Connecticut cases involving changes in the standards for admitting expert testimony affect the prior holdings on polygraph evidence. The defendant cites to Churchillv. Skjerding, 31 Conn. App. 247, 249-50, 624 A.2d 900, cert. denied, 226 Conn. 914, 628 A.2d 986 (1993); in support of his position. In Churchill, the court stated that:
 [t]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the error is clear and involves a misconception of the law, its ruling will not be disturbed . . . Expert testimony is admissible if the witness possesses a special skill or knowledge directly applicable to a matter in issue, the skill or knowledge is not commonly shared by the average person, and the testimony would be helpful to the court or jury in considering the issues . . .
(Citations omitted.) Id. Regardless of this standard, the courts have applied the Frye test to determine the admissibility of polygraph evidence. See State v. Merritt,36 Conn. App. 76, 83 (1994).
 In Moore v. McNamara, 201 Conn. 16, 20, 513 A.2d 660 (1986), our Supreme Court expressly approved the use of the Frye test with regard to evidence CT Page 469-T derived from innovative scientific techniques, requiring proof of the general acceptance of such techniques in the scientific community, and in State v. Hasan, 205 Conn. 485, 490, 534 A.2d 877
(1987), and State v. Borelli, 227 Conn. 153, 629 A.2d 1105 (1993), the court clarified the circumstances under which the Frye doctrine applies.
Id., 79-80 n. 2. Nevertheless, the United States Supreme Court recently held that in the federal courts the test for determining the admissibility of scientific evidence that is set forth in Federal Rule of Evidence702 supersedes the test set forth in Frye. Daubert v.Merrell Dow Pharmaceuticals, 113 S.Ct. 2786,125 L.Ed.2d 471 (1993). Federal Rule of Evidence 702
provides in part:
 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
The Connecticut Supreme Court has not addressed the continued validity of the Frye test in light of theDaubert decision. See State v. Merritt, supra,36 Conn. App. 80 n. 2; State v. Borelli, supra, 227 Conn. 163
n. 1. In light of the Daubert decision, however, a federal district court reexamined its initial ruling on the admissibility of polygraph evidence under the Frye test. United States v. Black, 831 F. Sup. 120
(E.D.N.Y. 1993). The federal court held that under either the Frye test or F.R.E. 702, polygraph examinations are not sufficiently reliable to be admissible.Id., 123.
The test for determining the admissibility of scientific evidence in Connecticut has not changed sinceState v. Duntz, supra, 223 Conn. 207. Since the defendant has not shown how polygraph examinations are more reliable today than they were in 1992, the motion is denied. CT Page 469-U