MACHELLE J. NEIDITZ ET AL. *v.* HOUSING
AUTHORITY OF THE CITY OF HARTFORD
(14654)

Lavery, Landau and Heiman, Js.

Argued March 29—officially released July 30, 1996

*Jerome E. Caplan*, with whom was *Mark A. Rosenblum*, for the appellants (plaintiffs).

*Raul A. Rodriguez*, with whom, on the brief, was *Rudolph P. Arnold*, for the appellee (defendant).

HEIMAN, J. The plaintiffs, Machelle Neiditz, Herman L. Neiditz and Janice L. Neiditz, appeal from the trial court's judgment denying their motion for supplemental judgment seeking appellate attorney's fees. The trial court found that it lacked jurisdiction to consider the plaintiffs' motion for supplemental judgment because the motion was filed more than four months after the original trial court judgment was rendered, and thus was untimely under General Statutes § 52-212a[1] and Practice Book § 326.[2] The plaintiffs assert that because

---

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[2] Practice Book § 326 provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The

the motion for supplemental judgment sought appellate attorney's fees, it was not a motion to open or set aside the judgment, and thus the motion was not time barred by § 52-212a and § 326. Consequently, the plaintiffs claim that the trial court did have jurisdiction to consider the motion. We agree and reverse the judgment of the trial court.

The facts of the underlying action for breach of a written lease are fully set out in the trial court's memorandum of decision. See *Neiditz* v. *Housing Authority*, 43 Conn. Sup. 283, 654 A.2d 812 (1994). The trial court found that the defendant had unjustifiably terminated the lease and awarded the plaintiffs $187,664 in damages and $28,000 in attorney's fees. The defendant appealed, and on January 10, 1995, the Supreme Court affirmed the trial court's judgment. *Neiditz* v. *Housing Authority*, 231 Conn. 598, 651 A.2d 1295 (1995). On January 23, 1995, the plaintiffs filed a motion for supplemental judgment, seeking an award of attorney's fees for successfully defending the appeal. The trial court dismissed the motion for supplemental judgment. This appeal follows.

The plaintiffs claim that their motion for supplemental judgment was timely because their request for appellate attorney's fees was not a motion to open or set aside the judgment, and thus was not governed by the four month filing rule. Moreover, the plaintiffs posit that they would not have been entitled to seek attorney's fees for the successful defense of the appeal until they had prevailed in the Supreme Court. We agree.

It is well established by both the United States Supreme Court and Connecticut precedents that a request for attorney's fees is not a motion to open, set aside, alter, or modify a judgment, but rather "raises

parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. . . ."

legal issues collateral to the main cause of action
. . . ." *White* v. *New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). The United States Supreme Court held in *White* that, "[r]egardless of when attorney's fees are requested, the court's decision of entitlement to fees . . . require[s] an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.' " Id., 451–52. In *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996), we followed *White* and characterized a request for attorney's fees as an inquiry separate from the decision on the merits, which "does not open, modify, or in any way affect the judgment." Id., 517.

The plaintiffs' motion for appellate attorney's fees did not constitute a motion to open or set aside the judgment, and thus was not subject to the four month filing rule of § 52-212a and § 326. *White* v. *New Hampshire Dept. of Employment Security*, supra, 455 U.S. 451–52; *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 38 Conn. App. 506. Because the plaintiffs' motion was not governed by § 52-212a or § 326, and because the defendant did not claim that the motion was otherwise time barred, the trial court incorrectly concluded that it was without jurisdiction to determine the plaintiffs' claim for appellate attorney's fees.

The trial court based its dismissal of the plaintiffs' motion for supplemental judgment on two cases, *Varley* v. *Varley*, 181 Conn. 58, 434 A.2d 312 (1980), and *O'Leary* v. *Industrial Park Corp.*, 211 Conn. 648, 560 A.2d 968 (1989). The trial court's reliance on *Varley* and *O'Leary* was misplaced. *Varley* involved a request for a new trial, rather than a motion for supplemental judgment. *Varley* v. *Varley*, supra, 58. *O'Leary* involved

a claim for punitive damages that, as a matter of law, cannot include a right to recover for defending an appeal. *O'Leary* v. *Industrial Park Corp.*, supra, 651–52.

Here, the trial court did have authority to award appellate attorney's fees. In Connecticut, a prevailing party may recover attorney's fees if such an award is authorized by either statute or contract. *Gionfriddo* v. *Avis Rent-A-Car System, Inc.*, 192 Conn. 280, 297, 472 A.2d 306 (1984). The underlying lease agreement provides that "[i]n the event of any action or proceeding brought by either party against the other under this Lease the prevailing party shall be entitled to recover all costs and expenses including the fees of its attorneys in such action or proceeding in such amounts as the court may adjudge reasonable." The language "the prevailing party in any action or proceeding" includes a prevailing party on appeal. *Schnabel* v. *Tyler*, 32 Conn. App. 704, 723A–23B, 630 A.2d 1361 (1993), aff'd, 230 Conn. 735, 646 A.2d 152 (1994); *Torres* v. *Waterbury*, 30 Conn. App. 620, 626, 621 A.2d 764 (1993). The decision to award appellate attorney's fees, however, "is discretionary and a matter appropriately determined by the trial court." *Torres* v. *Waterbury*, supra, 627.

The judgment is reversed and the case is remanded for a determination of whether an award of appellate attorney's fees is appropriate and, if so, the amount of the award.

In this opinion the other judges concurred.