[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The factual predicate for the underlying action and decision is fully set out in the court's memorandum of August 24, 1994. The plaintiffs prevailed therein and were awarded nominal compensatory damages of one ($1) dollar. They were ordered to schedule a hearing to offer evidence on the issue of punitive damages. On May 8, 1995, they were awarded twenty-one thousand eighty ($21,080) dollars, the amount of the attorney's fees and costs which they had incurred in that litigation. Both parties took an appeal and the judgment was affirmed. Both parties, thereafter, filed petitions for certiorari to our Supreme Court and subsequently to the United States Supreme Court, both of which were denied. The plaintiffs now seek a supplemental judgment to recover their attorney's fees for defending the appeal.
The issue in this case is whether a trial court has the authority to award appellate attorney's fees suffered in the appeal as a component of punitive damages in an action for interference with business expectations. "[A]bsent contractual or statutory authorization, there can be no recovery, either as costs or damages . . . for counsel fees by a party opponent from his opponent . . . An exception to this general rule is that attorney's fees may be awarded as a component of punitive damages." (Citation omitted; internal quotation marks omitted.)O'Leary v. Industrial Park Corporation, 211 Conn. 648, 651
(1989).
Most recently, the Appellate Court has stated that "a claim for punitive damages . . . as a matter of law, cannot include a right to recover for defending an appeal." Neiditz v. HousingAuthority, 42 Conn. App. 409, 413. See also O'Leary v. IndustrialPark Corporation, supra ("There is no authority to support the plaintiffs' contention that the common law rule providing for the recovery of punitive damages in actions of fraud includes recovery for the costs incurred in defending a subsequent appeal."). This court does not therefore have the authority to award the plaintiffs' appellate attorney's fees as a component of their claim for punitive damages.
In view of the foregoing, the motion is, accordingly, denied. CT Page 13203
MORAGHAN, J.