**BURTON LINGO CO. v. FIRST BAPTIST CHURCH OF ABILENE et al.**
(No. 166–3166.)

(Commission of Appeals of Texas, Section B. May 26, 1920.)

1. **Appeal and error** &#x269C;=76(1)—**Judgment is final only when it leaves nothing further to be litigated; "final judgment."**

The general rule is that a judgment is "final" only when it leaves nothing further to be litigated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Appeal and error** &#x269C;=927(1)—**Presumed in support of finality of judgment that cross-action was abandoned or dismissed.**

In an action on a building contractor's bond, where the contractor and the bondsmen filed a joint answer pleading the contractor's discharge in bankruptcy, and containing a suggestion by the bondsmen of suretyship, and asked judgment over against the contractor for any recovery against them, but the issue between the contractor and the sureties was not called to the court's attention, no instruction upon it was sought, and no objection to a peremptory instruction for plaintiff against the sureties was made for failure to submit the cross-action, it may be presumed in favor of the finality of the judgment that the sureties waived and abandoned their cross-action, or that a dismissal or discontinuance was had with reference thereto.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Burton Lingo Company against the First Baptist Church of Abilene and others. A judgment for plaintiff was reversed by the Court of Civil Appeals (198 S. W. 1013), and plaintiff brings error. Reversed, and remanded to the Court of Civil Appeals.

Sayles & Sayles, of Abilene, for plaintiff in error.

G. C. Groce and J. L. Gammon, both of Waxahachie, and A. H. Kirby, of Ft. Worth, for defendants in error.

SADLER, P. J. E. S. Boze entered into a building contract with the First Baptist Church of Abilene, acting through the members of its board of trustees and building committee, for the erection of a church building; G. P. Bullard, W. A. Crow, R. C. Johnston, J. W. Harrison, and J. L. Gammon becoming sureties for Boze on his bond, insuring performance of his contract. During the construction of the building, the Burton Lingo Company furnished to Boze materials which went into the construction of the building.

Burton Lingo Company filed this suit against the church, the church trustees and committee, the contractor and his bondsmen, to recover upon an account for material furnished by it to the contractor.

The contractor and bondsmen were represented by the same counsel, and jointly answered. Among other defenses set up in the answer, it was specially pleaded that the contractor had been discharged in bankruptcy, and this was pleaded in bar to any recovery against him. The answer contained a suggestion by his codefendant bondsmen of suretyship, asking judgment over against him for any recovery had against them by plaintiff.

The cause went to trial before a jury under this state of pleading. When the evidence was in, the defendant contractor and his bondsmen requested a peremptory instruction for a verdict in favor of the contractor on his plea of discharge in bankruptcy, and generally in favor of his bondsmen. The court refused the latter request, but granted the former, and instructed a ver-

dict discharging the contractor on his plea in bankruptcy. The sureties excepted to the refusal to give the requested charge as to them, but did not except to the giving of the peremptory instruction favorable to the contractor. The court then gave a peremptory charge in favor of the plaintiff and against the sureties alone, and in favor of all the other defendants. Verdict was accordingly returned for the plaintiff against the bondsmen alone, but discharging all other defendants.

Thereupon judgment was rendered in accordance with the verdict of the jury, which was copied into the decree, except that in the judgment the contractor was specifically discharged only as to the suit of the plaintiff, the church, and church committee. The judgment made no specific mention to the suggestion of suretyship, nor did it discharge specifically the contractor as to the cross-action of his bondsmen.

While the sureties excepted to the judgment as against themselves in favor of the plaintiff, they did not raise the question of its failure to specifically discharge the contractor or dispose of their cross-action.

In the motion for a new trial, the bondsmen treated the judgment as final, and at no time did they call the attention of the court to the failure of the judgment to dispose of the issue presented in their suggestion of suretyship.

The sureties appealed from the judgment, and assigned only the errors in refusing the requested instruction in their favor as to plaintiff's suit, and in giving a peremptory instruction for plaintiff against them. Plaintiff also appealed, but raises no question relating to the finality of the judgment but only those questions which affected its right of recovery against the church and church committee.

After the cause was submitted in the Court of Civil Appeals that court held that the judgment was not final, on account of the failure to dispose of the cross-action of the sureties against the contractor. We are thus called upon to determine whether the judgment is final or not.

### Opinion.

[1] In our opinion, the judgment in this case must be treated and held to be final under all the authorities. The general rule is that a judgment is final only when it leaves nothing further to be litigated. Ft. Worth Improvement District No. 1 v. Ft. Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994. It then becomes necessary to inquire whether the judgment in the instant case leaves any issue then before the court for further adjudication.

[2] It nowhere appears in this record that the cross-action by the sureties was present-ed to the court, or an adjudication sought thereon. It is true that it is a part of the joint answer of the contractor and the sureties. Nevertheless no act of the parties is made to appear wherein that issue was called to the attention of the court, or any character of instruction sought upon it. No objection is made to the action of the court in giving the peremptory instruction in favor of the plaintiff and against the sureties upon the ground of failure to submit the cross-action. The sureties and their principal jointly pleaded, jointly set up the discharge of the contractor in bankruptcy, and thereafter asked the court to instruct the jury to discharge the bankrupt. The court did so, and the jury so found. It is not unreasonable to presume in favor of the finality of the judgment that the sureties elected to waive and abandon their cross-action, or that a dismissal or discontinuance was had with reference thereto. Trammel v. Rosen, 106 Tex. 132, 157 S. W. 1161; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639; Gullett v. O'Connor, 54 Tex. 409; Houston v. Ward, 8 Tex. 124; Burton v. Varnell, 5 Tex. 139; Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086; Ellis v. Harrison, 52 S. W. 581; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178.

We therefore conclude that the judgment is final and will support the appeal.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that this cause be remanded to that court for disposition of the errors assigned.

PHILLIPS, C. J. We approve the judgment recommended in this case.