RECEIVED

JUN 0 8 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

# NO. 02-15-00108-CV

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
JUN 0 8 2015
DEBRA SPISAK, CLERK

## COURT OF APPEALS
## IN THE SECOND DISTRICT OF TEXAS

**MICHAEL REID,**

**Appellant**

**vs.**

**UDR TEXAS PROPERTIES, LLC; UDR TEXAS PROPERTIES, LLC, SUCCESSOR TO UDR TEXAS PROPERTIES, LP; UDR THE CLIFFS, LLC; UDR, INC.; AND WESTERN RESIDENTIAL, INC.,**

**Appellees.**

On Appeal from the County Court at Law No. 3 of
Tarrant County, Texas, Cause No. 2012-007946-3
The Honorable Mike Hrabal, Presiding

## MOTION TO ABATE AND STAY APPEAL

Pursuant to Rule 2 of the Texas Rules of Appellate Procedure, Appellant Michael Reid asks the Court to stay all appellate proceedings and deadlines in this case until a final clarification is made as to whether this Court's has Jurisdiction over any, or all of the Parties in this Appeal, or that Reid's (Appellant) has exhausted relief at the Trial Court, according to law, pertaining to the "Final Judgment" in Case No. 2012-007946-3 in the County Court at Law No. 3, in Tarrant County, Texas.

---

MOTION TO ABATE AND STAY APPEAL PAGE 1

## FACTS

1. The "Final Judgment" recites that parties Western Residential, Inc., successor to Defendant and Cross-Defendant UDR Western Residential, Inc., and UDR Texas Properties LLC, were not before the Court and did not make an appearance at Trial.

2. The "Final Judgment" Restricts by its Limiting Language to only claims against "Defendants named herein," and excludes claims against parties Western Residential, Inc., successor to Defendant and Cross-Defendant UDR Western Residential, Inc., and UDR Texas Properties LLC.

3. The Court, through its limiting language in its "Final Judgment" and the belatedly filed "Findings of Fact and Conclusions of Law," refused to decide the claims against Defendant UDR Texas Properties LLC, and Defendants/Cross-Defendants Western Residential, Inc., successor to UDR Western Residential, Inc.

4. The Court in its "Final Judgment" did not include any language denying Plaintiff and Cross-Plaintiff relief in regard to those claims against Parties not "named herein."

5. The "Final Judgment" and "Findings of Fact and Conclusions of Law" although not binding on Appellant (no opportunity to request amended or specified findings; the Court Clerk entered the Court's Findings of Fact and Conclusions of Law, dated January 13, 2015, into the Court record and made service after the time

---

MOTION TO ABATE AND STAY APPEAL                                         PAGE 2

specified to request Additional Findings of Fact and Conclusions of Law.), clearly recite that Not All Issues were Disposed of by the Trial Court. As they relate to the parties not present at Trial, and the issues between the parties, the "limiting language" recites that the issues were "not considered at trial."

6. Appellant/Plaintiff/Counter-Defendant/Cross-Plaintiff is Michael Reid. Appellee/Defendant/Counter-Plaintiff is UDR The Cliffs LLC. Appellee/Defendant is UDR, Inc.. Appellee/Defendant is UDR Texas Properties LLC. Appellee/Defendant/Cross-Defendant is Western Residential, Inc., successor to UDR Western Residential, Inc..

7. This case involves an appeal from a landlord-plaintiff suit on wrongful destruction of a Notice to Terminate the Lease Contract, fraud, Deceptive Trade Practices, wrongful retention of security deposit, wrongful accounting of a security deposit, wrongful debt and credit reporting, Texas Debt Collection Act, breach of lease contract, fraudulent concealment and inducement, and a counter-claim judgment.

8. On December 6, 2012, Reid (Appellant) filed suit against UDR Texas Properties LLC (Appellee) and others in the in the County Court at Law No. 3, in Tarrant County, Texas, case number 2012-007946-3. UDR The Cliffs LLC made an appearance as successor landlord to UDR Texas Properties LLC, and filed a general denial.

9.      UDR The Cliffs LLC provided false Discovery answers, later amended and stipulated at Trial, as to the Management Company and employer of the onsite staff who destroyed Reid's timely Notice to Terminate the Lease.

10.      UDR Texas Properties LLC and UDR, Inc. filed a joint Answer and asserted Affirmative Defenses of *Agency* and *Defect of the Parties*, and filed a second false identification of the Management Company and employer of the onsite staff, in an Affidavit submitted to the Court. [Deck Affidavit paragraph 2:

   a.  "I am the property manager for UDR THE CLIFFS LLC ... and am employed by the Owner as an onsite representative of its management company, United Dominion Realty Trust, Inc. ("UDR"). UDR currently, and at all times relevant to this lawsuit, manages the Owner's apartment community."

   b.  (The information in the Affidavit was stipulated at Trial to be false.)

11.      The Court, after hearing a Motion to Compel on July 15, 2014, ordered UDR The Cliffs LLC to provide "complete and accurate" Discovery responses – including the name of the employer of the onsite staff. On July 16, 2014, UDR The Cliffs LLC filed an Assumed Name Certificate which attested that UDR Western Residential, Inc. was a controlling entity of UDR The Cliffs LLC.

12.      On August 29, 2014, 47 days before Trial, UDR The Cliffs LLC amended its Discovery responses to correct its previously false answers naming a

different entity, Western Residential, Inc. as the *present* employer of the onsite staff and the entity controlling the litigation.

13.  UDR The Cliffs LLC *DID NOT* withdraw or correct the false affidavit naming a different entity as the "Management Company" and employer of the onsite staff "at all times relevant."

14.  Reid (Appellant) amended his Petition to join Western Residential, successor to UDR Western Residential, Inc., as a *controlling entity.*

15.  On September 30, 2014, Fifteen (15) days before Trial, and outside the Statute of Limitations and Discovery periods, UDR The Cliffs LLC filed a counterclaim against Reid alleging Breach of Contract.

16.  Pending before the Court was a Motion by Defendants to Continue the Trial date for 6 months. Reid requested 3 month continuance to avoid a conflict. Defendants withdrew its request for a hearing after October 5, 2014. Plaintiff learned the hearing had been canceled on October 9, 2014.

17.  On October 10th and 13th, 2014, Reid requested a hearing and filed a Motion for Continuance for time to properly answer the Counterclaim and time to join Western Residential, Inc. as a necessary party under Rules 39, and 39a(1); and to perfect his cross-claim under Rule 38a.

18.  On October 14, 2014, Reid filed an Answer as Counter-Defendant, asserting among other defenses, the Affirmative Defense of Limitations, and

asserting cross-claims as Cross-Plaintiff against Cross-Defendant Western Residential, Inc., as employer of the onsite staff, and requested a continuance.

19.     The Court heard Reid's Motion for Continuance on October 15, 2015. The Motion was denied, but Counsel for Defendants *allegedly* made a general appearance on behalf of all UDR entities, which would include Western Residential, Inc.

20.     Western Residential, Inc., successor to UDR Western Residential, Inc. *allegedly* made a general appearance before the Trial Court on October 15, 2014, dispensing for the need for service of citation. However the Court Docket, attached as Exhibit B and incorporated into this motion the same as if fully set forth, does not record an appearance on behalf of Western Residential, Inc.

21.     On December 4, 2014, the Honorable Judge Hrabal, of the County Court at Law # 3, Tarrant County, Texas, signed a "Final Judgment" in the above numbered and entitled cause, limiting its adjudication to Plaintiff's claims solely against the "Defendants named herein" which excluded the claims and cross-claims against Defendants and Cross-Defendants UDR Texas Properties LLC, and Western Residential, Inc., successor to UDR Western Residential, Inc., as set forth in the pleadings before the Court.

22. The Trial Court's "Final Judgment," signed December 14, 2014, attached as Exhibit A and incorporated into this motion the same as if fully set forth:

  a. excludes Western Residential, Inc., successor to UDR Western Residential, Inc., and Defendant UDR Texas Properties LLC as to any appearance at Trial.

  b. specifically limits the parties who appeared at Trial as UDR The Cliffs LLC, and UDR, Inc., and Michael Reid.

  c. excludes Plaintiff's and Cross-Plaintiff's claims against Western Residential, Inc., successor to UDR Western Residential, Inc., and Defendant UDR Texas Properties LLC.

  d. specifically limits the Judgment to Plaintiff's claims against "Defendants named herein": UDR The Cliffs LLC and UDR, Inc.

23. At Trial, Jennifer Deck testified that a previously unidentified entity UDR Western Residential, Inc., was the actual employer of the onsite staff at all times relevant; her testimony directly contradicted and was inconsistent with Defendant UDR The Cliffs LLC's sworn Discovery responses and with the joint Affidavit and Pleadings filed with UDR, Inc. and submitted to the Court.

24. Jennifer Deck testified that not only had she received Reid's Notice to Terminate the Lease, she was instructed by her employer to destroy the Notice and

records of receiving the Notice, a fact denied throughout Discovery by Defendants UDR The Cliffs LLC and UDR, Inc.; responses made by Western Residential, Inc., successor to the actual Management Company, UDR Western Residential, Inc.

25. Defendants' Counsel then Stipulated that the actual management company, employer, and source of agency was UDR Western Residential, Inc.

26. Reid made Trial Amendments to his pleadings based on the Trial stipulations, naming UDR Western Residential, Inc. liable as employer of Jennifer Deck at the time Jennifer Deck received and destroyed Reid's Notice to Terminate the Lease Contract, that the Stipulations destroyed any defenses or counterclaims of Defendants and Counter-Plaintiff, established without need for any other proof Landlord breached the lease contract, and that the concealment of the facts Stipulated during Trial constituted fraud and Deceptive Trade Practices.

27. On March 6, 2015, the Court Clerk entered the Court's Findings of Fact and Conclusions of Law, which are dated January 13, 2015, into the Court record. On March 14, 2015, Plaintiff received service and notice of the Court's Findings of Fact and Conclusions of Law, after the time specified to request Additional Findings of Fact and Conclusions of Law. True and correct copies of the Notice, Findings, and the postmark on the envelope are attached as Exhibit A to the Motion to Extend Appellate Deadlines, and incorporated herein, the same as if fully set forth.

28. Although not binding on Appellant, The Court's "FINDINGS OF FACT AND CONCLUSIONS OF LAW" affirmatively recite that such Reid's trial amendments, pleadings, claims and issues set forth in the pleadings were not before the Trial Court, and were not considered in the "Final Judgment."

29. The Trial Court explicitly refused to decide the claims against Western Residential, Inc., and UDR Western Residential, Inc., as the Court recites in its Findings and "Final Judgment": neither the claim nor the parties appeared for Trial, and as such were not "parties legally before it."

30. Plaintiff and Cross-Plaintiff Reid filed a motion to set the claims not included in the Court's "Final Judgment" for Trial. A true and correct copy of Reid's motion is attached as Exhibit B and incorporated herein the same as if fully set forth.

31. Although Reid objected to the "Final Judgment" Reid must of necessity file this appeal out of an abundance of caution to ensure his appellate rights were not prejudiced; and must of necessity pursue his claims in the Trial Court to ensure that his claims are not waived.

32. The Trial Court should clarify which parties were legally before the Court, which parties by general appearance submitted themselves to jurisdiction of the Trial Court, which parties appeared for Trial, and which parties obtained relief in the Court's "Final Judgment."

33. Counsel for UDR Western Residential, Inc., Western Residential, Inc., and UDR Texas Properties should certify to this Court of Appeals whether Counsel made an appearance on behalf of these parties and the date of the appearance before the Trial Court.

34. Counsel for UDR Western Residential, Inc., Western Residential, Inc., and UDR Texas Properties should certify to this Court of Appeals whether those parties made an appearance at Trial before the Trial Court on October 15, 2014.

35. Appellant believes abating the Appeal and staying all appellate deadlines and procedures, pending clarification from the Trial Court and Certification by Counsel, will allow the underlying issues in this case to be resolved without unnecessarily wasting judicial resources, prematurely incurring the costs of an court reporter's record which may ultimately be unnecessary and multiply the costs of appeal, and wasting precious litigation resources of the parties.

## ARGUMENT AND AUTHORITIES

36. Generally, Texas appellate courts may review only final judgments, and there can be only one final judgment in any case. See *Colquitt v. Brazoria County*, 324 S.W.3d 539 (Tex. 2010); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985).

37. An appellate court must determine if it has jurisdiction to review an appeal, even if it must be done *sua sponte*. See *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990); see also *Di Ferrante v. Georgiades*, No. 14 96-01199-CV, 1997 WL 213844, at *6 (Tex. App.—Houston [14th Dist.] May 1, 1997, writ denied) (not designated for publication); *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex. App.— Amarillo 1994, writ denied).

38. If an appellate court rules without jurisdiction to do so, then any judgment entered by the appellate court is void and of no effect. See *Di Ferrante*, 1997 WL 213844, at *2 n.2; see also *Johnson v. State*, 747 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1988, no writ).

39. On a party's motion or on its own initiative, Rule 2 of the Texas Rules of Appellate Procedure allows an Appellate Court to suspend a rule's operation or order a different procedure for good cause. Tex. R App. P. 2.

40. In determining whether a judgment is final, the appellate court should look to the four corners of the judgment and also to the appellate record to determine the claims asserted, the claims addressed by the judgment, and the claims intended to be addressed. See *Lehmann v. HarCon Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). There is a Presumption of Finality exception: An Intrinsically Interlocutory Judgment is NOT presumed final for purposes of appeal. *Aldridge*, 400 S.W.2d at 897-98.

41. The Trial Court Judgment language within the four corners of the "Final Judgment" is Intrinsically Interlocutory in character by:

a. its limiting language as to the parties legally before it; *Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co.*, 68 Tex. 98, 2 S.W. 199, 3 S.W. 564 (1886); *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941)

b. there is no severance order; (see *Bird v. Lubricants, USA*, No. 2-06-061-CV, 2007 WL 2460352, at *3, (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied)

c. where the Trial Court Judgment intentionally avoids language that all other relief is denied. *Aldridge*, 400 S.W.2d at 897-98.

d. where the limiting language will result in a multiplicity of suits (see *State Farm Mutual Automobile Insurance Co. v. White*, 461 S.W.2d 476, 479 (Tex. Civ. App.–Tyler 1970, no writ) because *res judicata* will not pertain to the issues disposed of, but not denied, because Reid must prosecute to avoid waiver of claims. (See *Burton Lingo Co. v. First Baptist Church of Abilene*, Tex.Com.App., 222 S.W. 203 (1920)

e. Where the Trial Court Judgment recites the Court's refuses to decide issues between parties not legally before the Court. *Trammell v. Rosen*, 106 Tex. 132, 157 S.W. 1161, 1163 (1913).

---

42.    The Court's clear language overcomes the Presumption of Finality. The Presumption of finality requires that "the [trial] court performed the duty devolved upon it upon the submission of the cause by disposing of every issue presented by the pleadings so as to render its judgment final and conclusive of the litigation * * *." *Aldridge* at 896. The Findings of Fact and Conclusions of Law recite the opposite.

43.    Here the "Final Judgment" does not dispose of all parties and issues in a case because the Judgment recites that for purposes of the Judgment, certain parties did not appear for Trial, and the Docket fails to indicate one had made an appearance, and as such were not legally before the Court. "…an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case. *Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co.*, 68 Tex. 98, 2 S.W. 199, 3 S.W. 564 (1886); *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941).)

44.    A party not legally before the Trial Court cannot legally be before the Court of Appeals on appeal of that Cause.

45.    The Court's "Final Judgment" contains "limiting language" as to the parties and issues decided by the Court. The Presumption of finality for purposes of appeal is overcome because the limiting language of the Court's Judgment is Intrinsically Interlocutory.

46.     In the alternative, even if not Intrinsically Interlocutory, the language excludes parties and issues which the Court refused to decide. See *Aldridge* at 897- (Finality only presumed for "parties legally before" the Court and "issues made by the pleadings between such parties."); *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966) - (Finality only presumed for "parties legally before" the Court and "issues made by the pleadings between such parties."); *Aldridge* at 896 (quoting *Rackley v. Fowlkes*, 89 Tex. 613, 36 S.W.77- *res judicata* not sustained where ... the court refused to decide issue.)

47.     The issues the Court refused to decide are interwoven with the issues decided that they involve the same facts and issues but parties not legally before the Court at Trial. Separate Trial of the facts and issues permits the related defendants to point to the "open chair" as a defense to Plaintiff's claims, allowing individual judgments, and requiring Reid to simultaneously pursue an appeal for some Defendants and pursue a separate action against the remaining Defendants on facts and issues which are inherently interwoven, as pleaded by Reid.

48.     By fraudulently concealing the identity of real management company through filing a false affidavit and false sworn Discovery responses, and concealing that the onsite employee of the management company had destroyed the Notice to Terminate per direction of her employers, Defendants proceeded to Trial based on fraud on the Court, then Stipulated to the identity of the

Management Company as the employer of the onsite staff at Trial, creating an "empty chair" defense.

49.     Reid filed amended pleadings as a trial amendment and requested a continuance. The Court's "Final Judgment" recites that neither was considered. As such neither the issues as they relate to the parties not present at Trial, nor the issues between the parties could have been disposed of because the "limiting language" makes it clear that the issues were "not considered at trial."

50.     Although Reid objected to the "Final Judgment" Reid must of necessity file this appeal out of an abundance of caution to ensure his appellate rights were not prejudiced; and must of necessity pursue his claims in the Trial Court to ensure that his claims are not waived. See *Burton Lingo Co. v. First Baptist Church of Abilene*, Tex.Com.App., 222 S.W. 203 (1920)

51.     This stay is necessary to preserve Reid's Open Court's rights under the Texas Constitution, so that his claims do not "fall through the cracks" – not addressed in the Trial Court and not subject to Jurisdiction on Appeal, pending action by the Trial Court to Set for Trial claims which the Trial Court carved out of its disposition, or Clarification so that a multiplicity of lawsuits (one of which will be moot) does not waste judicial resources and litigation resources of the parties. This appeal may be premature (*see* Tex. R App. P. 27.1(a)) and, depending on the final determination of Reid's Motion, this appeal may be unnecessary.

**52.** Appellant's request for a stay is not for delay only, but so that justice may be done. Therefore, in the interest of judicial economy and in an effort to preserve Reid's claims and right to appeal, Appellant moves to have the Court abate this appeal and stay all deadlines and procedures related to this appeal until either a final clarification is made as to which parties were legally before the Trial Court and this Court's Jurisdiction, or a Party petitions the Court.

**PRAYER**

53. For the reasons stated in this motion, Appellant Michael Reid asks the Court to abate this appeal and stay all appellate proceedings and deadlines in this case until a final clarification is made as to which parties were legally before the Trial Court and whether this Court has Jurisdiction over any, or all, of the parties named in the pleadings and this Appeal, pertaining to the Final Judgment in Case No. 2012-007946-3 in the County Court at Law No. 3, in Tarrant County, or a Party petitions the Court.

Dated: May 28, 2015

Respectfully submitted,

/s/ Michael Reid
Michael Reid
2315 Crown Colony Dr.
Arlington, Texas 76011
(214) 755-9321
michael.reid.mail@gmail.com
APPELLANT

---

## CERTIFICATE OF CONFERENCE

Appellant emailed the substance of this motion to joint counsel for Appellees on May 22, 2015, and again by facsimile on May 26, 2015, requesting confirmation that Counsel represents the parties excluded from the "Final Judgment", confirmation that Counsel made an appearance on behalf of such parties, that such parties appeared for Trial, and that Counsel represents those parties for purposes of Appeal.

Counsel has not responded to the Conference request, indicating that a clarification is indispensable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record, as evidenced below, on the 28th day of May, 2015.

*Via Facsimile*
Patrick G. Drake
Hoover Slovacek LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Fax: (713) 977-5395
drake@hooverslovacek.com

cc:

Court Reporter, County Court At Law NO.3
Tarrant County Courthouse
100 W. Weatherford St., Rm. 290A
Fort Worth, TX 76196-0270

Hon. Mike Hrabal
Judge, County Court at Law NO.3
100 W. Weatherford, Rm. 290-A
Fort Worth, TX 76196-0270

Michael Reid
2315 Crown Colony,
Arlington, Texas 76011
214.755.9321

CAUSE NO. 2012-007946-3

| | | |
|---|---|---|
| MICHAEL REID | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | |
| | § | AT LAW NO. 3 |
| UDR TEXAS PROPERTIES, LLC, | § | |
| SUCCESSOR TO UDR | § | |
| TEXAS PROPERTIES, LP | § | TARRANT COUNTY, TEXAS |

## FINAL JUDGMENT

Came on for consideration, on October 15, 2014 and November 24, 2014, the above-styled and numbered cause, wherein MICHAEL REID (the "Plaintiff" or "Counter-Defendant"), appeared in person and announced ready for trial, and UDR THE CLIFFS LLC and UDR, INC. (the "Defendants" or "Counter-Plaintiffs"), appeared in person and by their attorney of record, and announced ready for trial.

The case proceeded to trial. The Court heard the evidence, and Plaintiff presented his case in chief, after which time he rested. The Defendants then, pursuant to Rule 268 of the Texas Rules of Civil Procedure, made a Motion for Judgment.

Based upon the Court's consideration of the evidence presented, as well as the testimony of the witnesses and the arguments of parties and their counsel, if any, the Court finds that, at the conclusion of the Plaintiff's case in chief, there was no evidence of any damages suffered by Plaintiff. The Court also finds that, at the conclusion of the Plaintiff's case in chief, Plaintiff had failed to present sufficient evidence of at least one element of each and every cause of action alleged by him against Defendants, and accordingly he is unable to prevail on any cause of action herein pleaded. The Court therefore finds merit in Defendants' Motion for Judgment and ORDERS, ADJUDGES AND HOLDS that the Motion should in all things be granted.

The Court, accordingly, GRANTS the Defendants' Motion for Judgment and renders judgment in favor of Defendants, UDR THE CLIFFS LLC and UDR, INC. as to all claims and causes of action filed by Plaintiff, MICHAEL REID. It is therefore:



EXHIBIT
A

SCANNED
DEC 1 0 2014

ORDERED, ADJUDGED and DECREED that Plaintiff, MICHAEL REID, take nothing in this matter from the Defendants named herein.

The Counter-Plaintiff, UDR THE CLIFFS LLC, also presented its case in chief and rested at the conclusion of its presentation of the evidence and the Court, with regard to the Counter-Plaintiff's causes of action, after considering the pleadings on file, the evidence presented at trial and the arguments of the parties, if any, is of the opinion and finds that:

(1) Counter-Plaintiff, UDR THE CLIFFS LLC, at all times relevant to this lawsuit, was the owner and landlord and Counter-Defendant, MICHAEL REID, was, at all times relevant to this lawsuit, the tenant of the leased premises located within **Tarrant County at 2425 Jefferson Point Drive, Apartment No. 845, Arlington, Texas 76006** (the "Premises");

(2) Counter-Plaintiff, UDR THE CLIFFS LLC and Counter-Defendant, MICHAEL REID, were, at all times relevant to this lawsuit; parties to the written contract known as the Apartment Lease Contract dated May 8, 2008 related to the Premises (the "Lease");

(3) Counter-Defendant, MICHAEL REID, breached the terms of the Lease;

(4) The breach of the Lease by Counter-Defendant, MICHAEL REID, caused Counter-Plaintiff, UDR THE CLIFFS LLC, to incur monetary damages;

(5) Counter-Defendant, MICHAEL REID, is liable to Counter-Plaintiff, UDR THE CLIFFS LLC, for the actual monetary damages it incurred as a result of Counter-Defendant's breach of the Lease;

(6) Counter-Defendant, MICHAEL REID, is liable to Counter-Plaintiff, UDR THE CLIFFS LLC, for the reasonable and necessary attorneys' fees it expended in this matter in pursuing its claims and for defending itself against the claims asserted against it by Counter-Defendant;

(7) Counter-Defendant, MICHAEL REID, is liable to Counter-Plaintiff, UDR THE CLIFFS LLC, for all of its costs of court incurred herein; and

(8) Should Counter-Defendant, MICHAEL REID, appeal this matter to the Court of Appeals or Texas Supreme Court, and be ultimately unsuccessful at either of those two stages, Counter-Defendant, MICHAEL REID shall then be liable to Counter-Plaintiff, UDR THE CLIFFS LLC, for additional reasonable and necessary attorneys' fees above and beyond those referenced hereinabove.

It is therefore:

ORDERED, ADJUDGED and DECREED that Counter-Defendant, MICHAEL REID, shall pay to Counter-Plaintiff, UDR THE CLIFFS LLC, $1,939.05 in actual damages, with interest thereon at the rate of five per cent (5%) per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED and DECREED that Counter-Defendant, MICHAEL REID, shall pay to Counter-Plaintiff, UDR THE CLIFFS LLC, $3,000.00 for reasonable and necessary attorneys' fees expended related to this matter, with interest thereon at the rate of five per cent (5%) per annum from the date of this Judgment until paid; it is, further,

ORDERED, ADJUDGED AND DECREED that conditional attorneys' fees are awarded to Counter-Plaintiff, UDR THE CLIFFS LLC, as follows: i) if this case is appealed to the Court of Appeals by Counter-Defendant, MICHAEL REID, and Counter-Plaintiff prevails, Counter-Plaintiff shall be awarded $7,500.00 from Counter-Defendant; ii) if a petition for review is made by Counter-Defendant, MICHAEL REID, and accepted by the Texas Supreme Court and if Counter-Plaintiff, UDR THE CLIFFS LLC, then prevails, Counter-Plaintiff, UDR THE CLIFFS LLC, shall be awarded an additional $7,500.00 from Counter-Defendant, MICHAEL REID, for a total of $15,000.00 in additional reasonable and necessary attorneys' fees. It is further,

ORDERED, ADJUDGED AND DECREED that the Clerk of the Court issue all writs and processes in aid of satisfaction of this Judgment.

This is a Final Judgment disposing of all issues and all parties, and all prior interlocutory orders of the Court in this cause are hereby made final, and this judgment is appealable.

SIGNED on this _____4_____ day of ~~November~~ December, 2014.

_____
JUDGE PRESIDING

CAUSE NO. 2012-007946-3

MICHAEL REID

VS.

UDR TEXAS PROPERTIES, LLC,
SUCCESSOR TO UDR
TEXAS PROPERTIES, LP

IN THE COUNTY COURT

AT LAW NO. 3

TARRANT COUNTY, TEXAS

## PLAINTIFF AND CROSS-PLAINTIFF'S REQUEST TO SET FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff and Cross-Plaintiff, Michael Reid files this Motion and Request to set for trial, after September 15, 2015, Plaintiff's and Cross-Plaintiff's claims as to Defendants and Cross-Defendants Western Residential, Inc., successor to UDR Western Residential, Inc., and Defendant UDR Texas Properties LLC.

This Court's "Final Judgment" signed December 14, 2014, specifically excludes these parties in the Court's judgment and the claims pleaded against them.

Plaintiff and Cross-Plaintiff requests the Court reopen discovery "regarding matters that have changed materially" as to the identity of UDR Western Residential, Inc. as the actual management company and employer of Jennifer Deck, previously concealed by Western Residential, Inc., but disclosed by Jennifer Deck testimony before the Court on October 15, 2014. See Tex. R. Civ. P. 190.5.

Throughout this cause, Western Residential, Inc. has controlled litigation, misled the Court as to the identity of the employer of the onsite staff and management company, answered Interrogatories on behalf of UDR The Cliffs LLC, filed affidavit on behalf of UDR The Cliffs LLC and UDR, Inc., attended mediation on behalf of UDR The Cliffs LLC and UDR, Inc..

PLAINTIFF AND CROSS-PLAINTIFF'S REQUEST TO SET FOR TRIAL

page 1

Correct Defendant and Cross-Defendant Western Residential, Inc. concealed its identity while at all times controlling litigation, and refused to identify itself prior to the onset of mediation, despite repeated inquiry by Plaintiff, received actual notice of the lawsuit within the limitations period. *See Torres v. Johnson,* 91 S.W.3d 905 (Tex App--Fort Worth 2002).

Defendant and Cross-Defendant Western Residential, Inc., successor to Defendant and Cross-Defendant UDR Western Residential, Inc., have business relationships with other named parties as the management company for UDR Texas Properties LLC and UDR The Cliffs LLC, and as wholly-owned subsidiaries of UDR, Inc. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 6 (Tex.1990).

UDR Texas Properties LLC and Western Residential, Inc., successor to Defendant and Cross-Defendant UDR Western Residential, Inc., are individually, and jointly liable to Plaintiff and Cross-Plaintiff.

A trial date as requested provides time to address pending pre-trial matters, will not prejudice Defendants or Cross-Defendants in this matter, and is not sought for purposes of undue delay.

Respectfully submitted,

Michael Reid
2315 Crown Colony,
Arlington, Texas 76011
214.755.9321

**PLAINTIFF/CROSS-PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __28th__ day of May 2015, a true and correct copy of the foregoing document was delivered in person or delivered in person by my agent or delivered by courier with receipted delivery or sent by certified mail, return receipt requested, or sent by telephonic document transfer before 5:00 p.m. of the recipient's local time, in compliance with Rules 21 and 21A of the Texas Rules of Civil Procedure to:

Patrick G. Drake
Hoover Slovacek LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (71 3) 977-5395

*Counsel for Defendants*

Michael Reid
2315 Crown Colony,
Arlington, Texas 76011
214.755.9321

# NO. 02-15-00108-CV

## COURT OF APPEALS
## IN THE SECOND DISTRICT OF TEXAS

**MICHAEL REID,**

**Appellant**

**vs.**

**UDR TEXAS PROPERTIES, LLC; UDR TEXAS PROPERTIES, LLC, SUCCESSOR TO UDR TEXAS PROPERTIES, LP; UDR THE CLIFFS, LLC; UDR, INC.; AND WESTERN RESIDENTIAL, INC.,**

**Appellees.**

**On Appeal from the County Court at Law No. 3 of
Tarrant County, Texas, Cause No. 2012-007946-3
The Honorable Mike Hrabal, Presiding**

## ORDER

We **GRANT** Appellant Michael Reid's Motion to Abate and Stay and ORDER all appellate proceedings and deadlines in this case be stayed until a final clarification is made as to which parties were legally before the Trial Court pertaining to the Final Judgment in Case No. 2012-007946-3 in the County Court at Law No. 3, in Tarrant County or a Party petitions this Court.

_____
JUSTICE